THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. COREY TAYLOR, Defendant-Appellant.

Third District   No. 3—91—0736

Opinion filed October 7, 1992.—Rehearing denied November 13, 1992.

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, Corey Taylor, was convicted of first degree murder (Ill. Rev. Stat. 1991, ch. 38, par. 9—1(a)), and was sentenced to an extended term of imprisonment of 75 years. He appeals.

The record reveals that prior to jury selection, defense counsel submitted four questions to be asked of prospective jurors. One of the questions was whether the prospective jurors would be more likely to believe the testimony of a police officer simply because he was a police officer. The court indicated that it would ask that question only of prospective jurors who first answered that they knew a police officer.

Following his conviction, the defendant moved for a new trial. He argued that he had been denied a fair trial by the court's failure to ask the *voir dire* question he had submitted. His motion for a new trial was denied. The defendant appeals.

On appeal, the defendant argues that the trial court erred in refusing to ask prospective jurors whether they would be more likely to believe the testimony of a police officer simply because he was a police officer.

The general rule in cases involving information not disclosed by a juror during *voir dire* is that a new trial will not be granted unless it is established that prejudice resulted. (*People v. Porter* (1986), 111 Ill. 2d 386, 489 N.E.2d 1329.) Likewise, where, as here, *voir dire* questions are offered but not asked, prejudicial error will not be inferred unless the jury finally selected was actually unfair or biased in any manner. (*People v. Salazar* (1991), 211 Ill. App. 3d 899, 570 N.E.2d 802.) The burden is on the defendant to show that he was actually prejudiced. *People v. Porter* (1986), 111 Ill. 2d 386, 489 N.E.2d 1329.

Here, the trial court should have asked the question. (See *United States v. Evans* (4th Cir. 1990), 917 F.2d 800.) However, the defendant does not allege that the jury selected was actually biased in any way, nor does the record contain any evidence to support such an allegation. Additionally, the jury instructions helped to alleviate any possible prejudice by admonishing the jury to "judge the testimony of the defendant in the same manner as you judge the testimony of any other witness." (See *King v. Lynaugh* (5th Cir.

1988), 850 F.2d 1055.) Because there is no evidence of actual prejudice to the defendant, we affirm the judgment of the circuit court of Peoria County.

Affirmed.

SLATER and HAASE, JJ., concur.