NO. 4-02-0271

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

JAMES ARMSTRONG, ) Appeal from

Plaintiff-Appellant, ) Circuit Court of

) Sangamon County

DONALD N. SNYDER, JR., Director, ) No. 01MR342

and GEORGE WELLBORN, Warden, Tamms )

Correctional Center, ) Honorable

Defendants-Appellees. ) Patrick W. Kelley,

) Judge Presiding.

_________________________________________________________________

JUSTICE COOK delivered the opinion of the court:

Plaintiff, James Armstrong, an inmate at the Tamms Correctional Center (Tamms), filed a 
pro
 
se
 amended complaint (complaint) for 
mandamus
 in the Sangamon County circuit court on July 23, 2001.  The complaint sought to compel defendant, Donald Snyder, Jr., Director of the Illinois Department of Corrections (DOC), to expunge parts of plaintiff's disciplinary record.  Plaintiff's complaint alleged that the discipline was imposed without due process and in violation of statute and DOC regulations.  Defendant filed a motion pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2000)) to dismiss plaintiff's complaint
.  The trial court granted defendant's motion to dismiss and ordered the cause stricken on February 5, 2002.  Plaintiff appeals, arguing that the trial court erred in dismissing his complaint.  We reverse and remand.    A section 2-615 motion to dismiss challenges the legal sufficiency of the complaint.  
People ex rel. Ryan v. Telemar-keting Associates, Inc.
, 
198 Ill. 2d 345, 351, 763 N.E.2d 289, 293 (2001).  Dismissal pursuant to section 2-615 of the Code is only proper where, when construing the allegations of the complaint in the light most favorable to plaintiff, it clearly appears that no set of facts can be proved under the pleadings which will entitle the plaintiff to recover.  
People ex rel. Ryan
, 
198 Ill. 2d at 351, 763 N.E.2d at 293.
  Exhibits attached to the complaint are considered part of the complaint, and when inconsistencies between the factual allegations and the exhibit arise, the exhibit controls over the factual allegation in the pleading.  
Mars, Inc. v. Heritage Builders of Effingham, Inc.
, 327 Ill. App. 3d 346, 355, 763 N.E.2d 428, 437 (2002).  Our review is 
de
 
novo
.  
People ex rel. Ryan
, 
198 Ill. 2d at 351, 763 N.E.2d at 293.

In this case, plaintiff's complaint alleged he was denied due process at several different disciplinary hearings.  The Supreme Court has held that prisoners are entitled to a certain amount of process in disciplinary proceedings, that being (1) notice of the disciplinary charges at least 24 hours prior to the hearing; (2) when consistent with institutional safety and correctional goals, an opportunity to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action.  
Wolff v. McDonnell
, 418 U.S. 539, 563-66, 41 L. Ed. 2d 935, 955-56, 94 S. Ct. 2963, 2978-79 (1974).  DOC rules also require that prisoners receive process in disciplinary hearings consistent with the principals enunciated in 
Wolff
.  See 20 Ill. Adm. Code §504.80 (Conway Greene CD-ROM June 2002).  
Mandamus
 is an appropriate remedy to compel DOC to conduct disciplinary hearings consistent with due process.  See, 
e.g.
, 
Thompson v. Lane
, 194 Ill. App. 3d 855, 864, 551 N.E.2d 731, 737 (1990) (affirming the trial court's order issuing a writ of 
mandamus
 to compel DOC to conduct rehearing of inmates' disciplinary reports consistent with due process or, in the alternative, to restore plaintiffs' lost good-time credits and demotion in grade).  We therefore look to plaintiff's complaint to determine whether the facts alleged demonstrate that he was denied due process in the disciplinary hearings sufficient to state a cause of action in 
mandamus
.

We initially note that defendant argues some of plaintiff's complaints are barred by 
laches
.  "A complaint for 
mandamus
 must be brought within six months unless there is a reasonable explanation for delay."  
Caruth v. Quinley
, 333 Ill. App. 3d 94, 99-100, 775 N.E.2d 224, 228 (2002), citing 
Richter v. Collinsville Township
, 97 Ill. App. 3d 801, 804, 423 N.E.2d 549, 552 (1981). 
 Defendant did not argue 
laches
 in the trial court.  See 
Richter
, 97 Ill. App. 3d at 804, 423 N.E.2d at 552.
  We therefore find that plaintiff's claims are not barred by 
laches
.     
 The first disciplinary proceeding complained of occurred on September 14, 2000.  This was a hearing about an event that occurred on September 9, 2000.  Plaintiff allegedly cursed at a correctional officer and threatened to kick the officer's "ass" when plaintiff was released from prison on "Wednesday."  Plaintiff requested three witnesses be interviewed:  Peter Guzman, Officer "Bowery," and a nurse named "Twala."  Guzman was interviewed.  The final summary report indicates Officer Bowery and Twala were not interviewed because there were no such persons employed at Tamms.  

Plaintiff argues that he was improperly denied his right to request witnesses for this proceeding because Officer "Bowers" and nurse "Twala Walton" do in fact work at Tamms.  The State responds to this argument by noting that plaintiff admits he gave the wrong names when he requested these witnesses; plaintiff misspelled Bowers by one letter and did not know nurse Twala's last name at the time.  Plaintiff argues that Officer "Bowery" and nurse "Twala" were close enough that the DOC officials knew whom he was talking about, but they refused to interview these witnesses out of spite.  Plaintiff also argues that DOC improperly refused his request for assistance from a staff member to determine Twala's last name.  See 20 Ill. Adm. Code §504.80(i) (Conway Greene CD-ROM June 2002) ("The committed person may request the assistance of a staff member in the preparation and presentation of his or her defense if he or she is illiterate or does not speak English or when other circumstances exist which preclude the individual from adequately preparing his or her defense").  

 If requesting Officer "Bowery" and nurse "Twala" was close enough that the DOC official knew whom plaintiff was talking about, and if Officer Bowers and nurse Twala Walton work at Tamms and were available to give relevant testimony at plaintiff's disciplinary hearing, then due process and DOC rules required that these witnesses be interviewed upon plaintiff's request.  See 
Wolff
, 418 U.S. at 563-66, 41 L. Ed. 2d at 955-56, 94 S. Ct. at 2978-79; 20 Ill. Adm. Code §504.80(h) (Conway Greene CD-ROM June 2002).  Of course, DOC would not have had to interview these witnesses if there were concerns about institutional safety and correctional goals (
Wolff
, 418 U.S. at 566, 41 L. Ed. 2d at 956, 94 S. Ct. at 2979) or if the testimony would not have been relevant and the witnesses not reasonably available.  20 Ill. Adm. Code §504.80(h) (Conway Greene CD-ROM June 2002).  DOC did not raise any such concerns, however, and courts will not presume that the safety of individuals or the institution is the basis for refusing to provide information requested by a prisoner unless DOC specifically says so.  
Thompson
, 194 Ill. App. 3d at 862, 551 N.E.2d at 735-36.

Plaintiff's complaint raises a factual allegation, which if proved true, would establish a violation of his due process rights.  Specifically, at the September 14, 2000, disciplinary hearing, DOC denied plaintiff his right to request witnesses be interviewed and their testimony considered.  Alleging a violation of due process rights and DOC rules in a prison disciplinary proceeding states a cause of action in 
mandamus
.  See, 
e.g.
, 
Thompson
, 194 Ill. App. 3d at 863-64, 551 N.E.2d at 736-37.  Plaintiff's complaint about the September 14, 2000, disciplinary hearing should not have been dismissed pursuant to section 2-615 because it states a cause of action on its face.

The second disciplinary proceeding complained of occurred on October 11, 2000.  This was a hearing about an event that occurred on October 5, 2000.  Plaintiff allegedly spit on another inmate through an ink pen as the other inmate was walking past plaintiff's cell on the way to the shower.  Plaintiff claims that he was not given adequate notice of the charges because the ticket said he spit on the other inmate, not that he spit through an ink pen.  We disagree.  Spitting is spitting.  Plaintiff had sufficient notice of the charge against him.

The third disciplinary proceeding complained of occurred on March 6, 2001.  This was a hearing about an event that occurred on February 27, 2001.  Plaintiff allegedly attempted to send out mail using another inmate's return address.  Plaintiff simply makes an unsubstantiated claim that DOC withheld exculpatory information and that the committee was out to get him.  This claim does not state a cause of action.

The fourth disciplinary proceeding complained of occurred on October 11, 2000.  This was a hearing about an event that occurred on October 5, 2000.  Plaintiff makes no argument about this proceeding on appeal, and therefore the matter is waived.  
Poelker v. Warrensburg-Latham Community Unit School District No. 11
, 251 Ill. App. 3d 270, 274-75, 621 N.E.2d 940, 945 (1993). 

The fifth disciplinary proceeding complained of occurred on March 6, 2001.  This was a hearing about an event that occurred on March 1, 2000.  Plaintiff allegedly told an officer that plaintiff was getting out soon, and he was going to shoot the officer.  Two officers witnessed this.  One officer reported that it happened at 9:55 a.m.  The other officer said it happened at 10 a.m.  One officer's report had more detail about what plaintiff said.  According to plaintiff, the differences in the reports denied him notice needed to prepare a defense.  We disagree.  Plaintiff was adequately advised of the charges against him.  The slight difference in the officers' reports was of no consequence.  

Plaintiff finishes with a general claim that DOC conducts "ghost hearings," meaning that the hearings are not actually held.  However, plaintiff's own pleadings and the exhibits in the form of the various reports and documents from the disciplinary hearings prove that the hearings were held and that plaintiff participated.  This self-contradictory claim is without merit.         

III. CONCLUSION

Plaintiff's complaint alleged facts, which if proved true, would state a cause of action in 
mandamus
 for a violation of plaintiff's due process rights at the September 14, 2000, disciplinary hearing.  All of plaintiff's other complaints fail to state a cause of action in 
mandamus
.  We therefore reverse the order of the trial court dismissing plaintiff's complaint and remand for further proceedings consistent with this opinion.

Reversed and remanded.

MYERSCOUGH, P.J., and TURNER, J., concur.