NO. 4-03-0629

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

RANARDO GILCHRIST, ) Appeal from

Plaintiff-Appellant, ) Circuit Court of

v. ) Sangamon County

DONALD N. SNYDER, JR., Director, ) No. 03MR29

Illinois Department of Corrections, )

Defendant-Appellee. ) Honorable

) Dennis L. Schwartz,

) Judge Presiding.

_________________________________________________________________

JUSTICE COOK delivered the opinion of the court:

Plaintiff, Ranardo Gilchrist, appeals the dismissal of his 
mandamus
 action against defendant, Donald N. Snyder, Director of the Illinois Department of Corrections (DOC).  We reverse and remand.

Plaintiff is an inmate in the custody of DOC.  On January 9, 2002, he was issued a disciplinary report charging him with violations of prison rules 105 (dangerous disturbance), 205 (gang activity), and 601 (aiding and abetting, attempt, solicitation, or conspiracy) in connection with a prison disturbance that took place on December 10, 2001.

According to the disciplinary report, plaintiff and an inmate named Harris are members of the Gangster Disciples, a gang.  On the date in question, they entered a room with Kirby, a member of a different gang, and partially closed the door.  Other inmates outside believed that plaintiff and Harris were attacking Kirby.  Harris and Kirby emerged from the room arguing and exchanged blows in view of other inmates.  This incident drew a crowd of approximately 50 inmates, composed of members of both gangs, before they were dispersed by prison staff.

Plaintiff's hearing on the allegations against him occurred on January 18, 2002, before the adjustment committee.  A section of the disciplinary report allowed plaintiff to request witnesses, but he did not request any.  He provided a written statement and pleaded not guilty.  The adjustment committee found him guilty and recommended that he be disciplined with one year of segregation, one year at C-grade status, and the loss of one year of good time.  The chief administrative officer approved the recommendation.  At this point, plaintiff apparently filed a grievance, which does not appear in the record.

The administrative review board held a hearing on plaintiff's grievance on April 19, 2002.  The board recommended as follows:

"Based on a review of all information and a compliance check of the procedural due process safeguards outlined in [DOC] Rule 504, this [c]hairperson is recommending that the disciplinary report be remanded to Hill Correctional Center to be rewritten to substantiate the charges.  The disciplinary report is to be forwarded to Pontiac Correctional Center to be reserved and reheard within appropriate timeframes."

Defendant concurred in this recommendation.

Following the remand, plaintiff received a new disciplinary report on June 1, 2002.  The hearing on this report was held on June 4, 2002.  Plaintiff alleges that this time he requested that the adjustment committee call Harris and Kirby as witnesses.  The committee did not allow these witnesses, noting that plaintiff had not requested witnesses when the first case was heard, and that plaintiff's grievance had asked "to have the ticket rewritten to substantiate the charges, not to list witnesses."  The committee again found plaintiff guilty.  By a letter dated July 30, 2002, the administrative review board informed plaintiff that it was approving the adjustment committee's recommendation but reducing the revocation of good-conduct credits to six months.

On January 16, 2003, plaintiff filed an action in 
mandamus
 to compel defendant to provide him with a new disciplinary hearing.  Defendant moved to dismiss under section 2-615 of the Code of Civil Procedure, arguing that plaintiff had received all the process he was due and thus failed to state a claim for relief.  See 735 ILCS 5/2-615 (West 2002).  The circuit court granted the motion.  The docket sheet for March 31, 2003, reads: "Order dismissing case is entered.  The [c]lerk is directed to send a copy of this entry and the [o]rder to ASA Straughn and to the [p]laintiff."  The next entry is on June 30, 2003, and states:  "copy of docket entry sent to plaintiff per request."

According to plaintiff, he received a copy of the order on July 8, 2003.  He filed a document entitled "late notice of appeal" with this court on July 23, 2003.  We granted leave to file late notice of appeal on August 4, 2003, and he filed a notice of appeal on August 5, 2003.

Defendant contends that we do not have jurisdiction to hear this appeal because plaintiff failed to comply with Supreme Court Rule 303 (155 Ill. 2d R. 303).  Rule 303(a)(1) provides that the appellant must generally file a notice of appeal within 30 days after the entry of the final judgment appealed from.  155 Ill. 2d R. 303(a)(1).  An appellant may file a late notice of appeal for good cause if leave is sought within 30 days of the expiration of the first 30- day period.  155 Ill. 2d R. 303(d).  If the order dismissing the complaint in this case became final on March 31, 2003, as defendant argues, then the clock ran out on plaintiff at the end of May with the end of the late filing period.  See 155 Ill. 2d R. 303(a)(1), (d).

The appellate court has jurisdiction over an appeal only if it is timely filed under Rule 303.  
In re Marriage of Wisniewski
, 286 Ill. App. 3d 236, 242, 675 N.E.2d 1362, 1367 (1997).  The supreme court has made clear that a lack of notice of when an order became final does not toll the period for filing a notice of appeal, "so long as the order appealed from was expressed publicly, in words and at the situs of the proceeding."  
Granite City Lodge No. 272, Loyal Order of the Moose v. City of Granite City
, 141 Ill. 2d 122, 123, 565 N.E.2d 929, 929 (1990).  The supreme court has also pointed out that the trial and appellate courts have no authority to excuse compliance with the supreme court rules governing appeals.  
Mitchell v. Fiat-Allis, Inc.
, 158 Ill. 2d 143, 150, 632 N.E.2d 1010, 1012 (1994).

Plaintiff argues that the order dismissing his complaint became final on June 30, 2003, the date the clerk mailed it to him.  He relies on 
Graves v. Pontiac Firefighters' Pension Board
, 281 Ill. App. 3d 508, 667 N.E.2d 136 (1996), in which the trial court entered an order taking the case under advisement and stating that the court would rule by mail.  
T­he court entered an order but inadvertently failed to mail it to the parties.  When it discovered the error two months later, the court entered a second order providing that the earlier order would be final and appealable on the day it was finally mailed.  On appeal, this court found that the trial court's order became final on the later date and we thus had jurisdiction over the appeal.  
Graves
, 281 Ill. App. 3d at 516, 667 N.E.2d at 141.

We agree with plaintiff that the 
Graves
 analysis applies in this case.  As 
Graves
 demonstrates, the circuit court has the power to make its order become final when mailed.  Because plaintiff is incarcerated, the hearing on defendant's motion to dismiss took place over the phone, with the court apparently telling the parties it would notify them when it ruled.  This hearing was not recorded, but defendant does not dispute plaintiff's version of what the court told the parties.  T­he docket entry makes clear that the court directed the clerk to send the parties a copy of the order.  Although the judge signed the order on March 31, 2003, it does not bear the clerk's file stamp, suggesting it was not meant to be final at that time.  See 
People v. Durley
, 203 Ill. App. 3d 731, 736, 561 N.E.2d 122, 126 (1990) (Fifth District) ("the commonly accepted manner of determining a filing date is by the circuit clerk's file stamp").  We conclude that the order became final when it was mailed on June 30, 2003.  Plaintiff's appeal was therefore timely filed.

We turn now to the merits of plaintiff's appeal.  A motion to dismiss under section 2-615 challenges the legal sufficiency of the complaint.  
Bajwa v. Metropolitan Life Insurance Co.
, 208 Ill. 2d 414, 421, 804 N.E.2d 519, 525 (2004).  Dismissal is appropriate only where, viewing the allegations in the light most favorable to the plaintiff, it is clear that no set of facts can be proved under the pleadings that will entitle the plaintiff to relief.  
Bajwa
, 208 Ill. 2d at 421, 804 N.E.2d at 525.  We review 
de
 
novo
 a circuit court's decision to dismiss under section 2-615.  
People ex rel. Ryan v. World Church of the Creator
, 198 Ill. 2d 115, 120, 760 N.E.2d 953, 956 (2001).

Plaintiff alleged that he was denied due process at his second adjustment-committee hearing.  The United States Supreme Court has established several requirements that must be met at a prisoner disciplinary hearing in order to provide due process, and these requirements are incorporated into the DOC rules governing hearings.  
Wolff v. McDonnell
, 418 U.S. 539, 563-66, 41 L. Ed. 2d 935, 955-56, 94 S. Ct. 2963, 2978-79 (1974); 20 Ill. Adm. Code §504.80 (Conway Greene CD-ROM June 2002).  Illinois courts have recognized that a 
mandamus
 action may be used to compel DOC to hold a rehearing on an inmate's disciplinary report in order to comport with due process.  
Armstrong v. Snyder
, 336 Ill. App. 3d 567, 569, 783 N.E.2d 1101, 1103 (2003).

One of the protections guaranteed by 
Wolff
 is that the inmate "be allowed to call witnesses *** in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals."  
Wolff
, 418 U.S. at 566, 41 L. Ed. 2d at 956, 94 S. Ct. at 2979.  Plaintiff's complaint alleges that he requested witnesses for the hearing on his second disciplinary report but the committee did not allow him to present any.  Because we are reviewing a section 2-615 dismissal, we must assume plaintiff made the request, although defendant disputes this fact.

Part of the disagreement regarding whether plaintiff should have been allowed witnesses at the second hearing stems from the parties' different views of the second hearing's purpose.  Defendant argues that he remanded following plaintiff's grievance merely to have the disciplinary report rewritten to substantiate the charges, not for a full rehearing.  He points to section 504.90(c) of the DOC regulations, which reads:  "The Director *** may remand the decision to the [a]djustment [c]ommittee for additional documentation, correction, or clarification of the [a]djustment[-c]ommittee summary ***."  20 Ill. Adm. Code §504.90(c) (Conway Greene CD-ROM June 2002).  When this section applies, "[t]he committed person shall not have the right to a new hearing, but shall be notified of the decision."  20 Ill. Adm. Code §504.90(c)(1) (Conway Greene CD-ROM June 2002).  It is clear from the language of the administrative review board's remand that the disciplinary report was to be not only rewritten but also "reserved and reheard."  This goes beyond the technical changes to the adjustment-committee summary that are the concern of section 504.90(c).

We agree with plaintiff that his remand was governed by a different section of the DOC regulations than that urged by defendant.  Section 504.90(a) allows DOC's Director to order a remand for new proceedings in four enumerated situations, none of which applies here.  See 20 Ill. Adm. Code §§504.90(a)(1) through (a)(4) (Conway Greene CD-ROM June 2002).  In circumstances not covered by section 504.90(a), section 504.90(b) allows the Director to order new or additional proceedings.  20 Ill. Adm. Code §504.90(b) (Conway Greene CD-ROM June 2002).  It also provides that "[t]he procedures on remand shall be conducted in accordance with the procedures governing the hearing on the original charge."  20 Ill. Adm. Code §504.90(b)(3) (Conway Greene CD-ROM June 2002).

In this case, the remand ordering that the disciplinary report be rewritten, reserved, and reheard must fall within section 504.90(b), and therefore, plaintiff was entitled to the same procedures as on the hearing on the original charge.  He thus had the option to request that the committee interview witnesses, although he had not done so before the first hearing.  20 Ill. Adm. Code §504.80(f)(2) (Conway Greene CD-ROM June 2002).  This conclusion is supported by the fact that the second disciplinary report was on the same form as the first one and contained a section for requesting witnesses.

Even if plaintiff had been allowed to request witnesses, the adjustment committee could have denied the request if there were concerns about institutional safety or security.  20 Ill. Adm. Code §504.80(h)(4) (Conway Greene CD-ROM June 2002).  Defendant argues that the decision not to interview an inmate's witnesses lies in the discretion of the adjustment committee and that 
mandamus
 may not be used to challenge a discretionary act.  The problem with the argument is that the committee apparently thought it had no power to allow witnesses on remand.  The committee's report states as a reason for not interviewing the witnesses that "offender Gilchrist filed a grievance to have the ticket rewritten to substantiate the charges, not to list witnesses."  Whether the committee had discretion to deny the request on the grounds of safety or security is beside the point, because by not exercising this discretion it failed to follow DOC regulations.

Plaintiff's complaint alleged facts that would show a violation of the DOC regulations and a denial of due process if proved true.  He has thus alleged a cause of action in 
mandamus
, and his complaint should not have been dismissed under section 2-615.

In light of the foregoing, we reverse the order of the trial court dismissing plaintiff's complaint and remand for further proceedings consistent with this opinion.

Reversed and remanded.

TURNER and APPLETON, JJ., concur.