NOTICE

Decision filed 01/24/11. The text of
this decision may be changed or
corrected prior to the filing of a
Petition for Rehearing or the
disposition of the same.

NO. 5-08-0210

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| COREY A. TAYLOR, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Alexander County. |
| | ) | |
| v. | ) | No. 07-MR-24 |
| | ) | |
| R. SHELTON FREY, KEN | ) | |
| BARTLEY, and DAVID MITCHELL, | ) | Honorable |
| | ) | Charles C. Cavaness, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE CHAPMAN delivered the judgment of the court, with opinion.
Justices Goldenhersh and Welch concurred in the judgment and opinion.

**OPINION**

Corey A. Taylor, inmate No. B17010 in the Department of Corrections (Department), appeals *pro se* from the dismissal of his amended complaint for *mandamus* relief, a declaratory judgment, and a permanent injunction. The complaint was dismissed on the motion of the defendants, R. Shelton Frey, a former warden of Tamms Correctional Center (Tamms), Ken Bartley, the then-current warden of Tamms, and David Mitchell, an employee of the Department. Taylor seeks the reversal of the trial court's order and the remand of the cause to the circuit court. We affirm.

BACKGROUND

Taylor is an inmate in the Department who is serving a 75-year sentence for first-degree murder and concurrent 75-year sentences for robbery and burglary. *People v. Taylor*, 235 Ill. App. 3d 763 (1992). His projected release date is February 19, 2039. Taylor has been housed at Tamms since September 2, 1998. Between that date and May 22, 2007, he

1

received 132 disciplinary tickets for violating various institutional rules.

On April 20, 2007, Taylor filed *pro se* a complaint seeking *mandamus* relief, a declaratory judgment, and a permanent injunction. On October 22, 2007, he filed an amended complaint, in which he again sought *mandamus*, declaratory, and injunctive relief. Taylor asserted that his right to due process had been violated in various ways in disciplinary proceedings that had been conducted at Tamms between April 29, 2005, and March 20, 2006. He alleged that as a result of the allegedly improper disciplinary proceedings, he had been assigned to disciplinary segregation status for a total of 22 months, he had been reduced to C-grade for 25 months, and his commissary privileges had been restricted for 25 months. Taylor also lost one month of good-conduct credit when he was found guilty of unauthorized solicitation of personal information. He claimed that his delay in filing his complaint was excusable because of a high turnover rate of chief administrative officers at Tamms, his efforts to resolve his grievances with successive chief administrative officers, and his attempts to solicit legal help from entities outside of the penitentiary prior to seeking redress in the circuit court.

Taylor sought an order of *mandamus* to compel the defendants to hold new hearings on the disciplinary tickets that complied with state and federal due process requirements, a declaration that the disciplinary proceedings had violated his right to due process under state and federal law, and an injunction prohibiting the defendants from abrogating his due process rights in future disciplinary proceedings. Appended to the complaint were copies of adjustment committee summaries, administrative review board decisions, and four letters that had been directed to the plaintiff from Department officials, the Office of the Illinois Attorney General, and a prisoners' rights organization. Three of these letters postdated the original complaint.

On November 27, 2007, the defendants filed a combined motion pursuant to section

2

2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2006)) to dismiss the amended complaint. They asserted that the complaint was subject to a dismissal under section 2-615 of the Code (735 ILCS 5/2-615 (West 2006)) because it failed to state a cause of action. They argued that the complaint and its attachments established that in the only disciplinary proceeding that had resulted in the loss of good-conduct credit, Taylor had been afforded all the due process to which he was entitled. They also argued that the other disciplinary actions did not implicate his due process rights because they had not resulted in any loss of good-conduct credit. They argued further that his complaint was barred by *laches* because it was untimely filed.

The defendants asserted that the *mandamus* count of the complaint was subject to a dismissal under section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2006)). They contended that the exhibits to the complaint and a document in Taylor's master file related to the only disciplinary action for which he had lost good-conduct credit established that he had failed to request any witnesses and that he had been afforded adequate due process in the proceedings. A copy of Taylor's May 10, 2005, disciplinary report for solicitation of unauthorized personal information was appended to the defendants' motion. The witness-request form was still attached to the form. An affidavit of the Tamms records keeper attested that the copy of the disciplinary report was true and correct.

On February 7, 2008, Taylor filed a motion in opposition to the defendants' motion to dismiss his complaint. He reiterated the allegations of his complaint, asserted that he had provided a reasonable explanation for his failure to file the complaint within six months of the events that formed the basis of his complaint, and contended that *laches* was inapplicable because the defendants had failed to assert that they had been prejudiced by his delay in filing the complaint. On April 2, 2008, the judge dismissed the complaint in a docket sheet entry. He found that *mandamus* relief was barred by the doctrine of *laches* because the

3

complaint had not been filed in a timely manner and that Taylor had failed to provide a reasonable excuse for his dilatory filing. He also ruled that the attachments to the complaint substantiated that the defendants had conducted Taylor's disciplinary proceedings in a manner that provided him with the quantum of due process to which he had been entitled.

## STANDARD OF REVIEW

The grant of a motion to dismiss for a failure to state a cause of action or on the basis of defects or defenses in the pleadings is subject to *de novo* review. *Rodriguez v. Illinois Prisoner Review Board*, 376 Ill. App. 3d 429, 433 (2007). As a consequence, the grant of a hybrid motion to dismiss filed pursuant to section 2-619.1 of the Code is also subject to *de novo* review. *McGee v. Snyder*, 326 Ill. App. 3d 343, 347 (2001). This section allows a litigant to file as a single motion in any combination a section 2-615 motion for an involuntary dismissal for a failure to state a cause of action, a section 2-619 motion for an involuntary dismissal based on certain defects or defenses, such as *laches*, or a section 2-1005 (735 ILCS 5/2-1005 (West 2006)) motion for a summary judgment. 735 ILCS 5/2-619.1 (West 2006). The defendants in the case at bar sought the dismissal of Taylor's complaint under sections 2-615 and 2-619. Where a dismissal is proper as a matter of law, the circuit court may be affirmed on any basis supported by the record. *Rodriguez*, 376 Ill. App. 3d at 433.

A section 2-615 motion to dismiss admits all the well-pleaded facts and attacks the legal sufficiency of the complaint. *Ford v. Walker*, 377 Ill. App. 3d 1120, 1124 (2007). Under that section, "[d]ismissal is appropriate only where, viewing the allegations in the light most favorable to the plaintiff, it is clear that no set of facts can be proved under the pleadings that will entitle the plaintiff to relief." *Gilchrist v. Synder*, 351 Ill. App. 3d 639, 642 (2004). In ruling on a section 2-615 motion, the court may take into consideration documents and exhibits that have been incorporated into the pleadings.

4

A section 2-619 motion to dismiss admits the legal sufficiency of the complaint and raises defects, defenses, or other affirmative matters that appear on the face of the complaint or are established by external submissions and that act to defeat the plaintiff's claim. *Neppl v. Murphy*, 316 Ill. App. 3d 581, 584 (2000). "[A] section 2-619 proceeding enables the court to dismiss the complaint after considering issues of law or easily proved issues of fact." *Id.* at 585.

ANALYSIS

Initially, we observe that Taylor has appended documents to his brief that were not made a part of the record on appeal. Generally, attachments to appellate briefs that are not otherwise of record are not properly before a reviewing court and cannot be used to supplement the record. *Kensington's Wine Auctioneers & Brokers, Inc. v. John Hart Fine Wine, Ltd.*, 392 Ill. App. 3d 1, 14 (2009). In resolving this appeal, we will not consider these documents or any argument that is based on them.

On appeal, Taylor argues that the court improperly granted the motion to dismiss because he asserted reasons for his delay in filing and the defendants did not allege any prejudice on their part. He also contends that his complaint clearly states a cause of action. Taylor argues that he was denied procedural due process in his disciplinary hearings when he was not allowed to request witnesses, was not provided a written statement of the witnesses' testimony, was not allowed live witness testimony, was subject to a partial fact finder, and exculpatory evidence was not considered on his behalf. He asserts that he has a protectable liberty interest in avoiding disciplinary segregation.

In response, the defendants argue that Taylor was not entitled to due process in any of the hearings, except for the May 10, 2005, hearing, because he was not deprived of any liberty interest. They do acknowledge that on May 10, 2005, Taylor was demerited of one month of good-time credit, which has been established to be a protected liberty interest.

However, they argue that he was afforded the proper due process for that hearing. They also contend that the circuit court was correct in granting the motion to dismiss on *laches* grounds because the action was not brought within six months and no reasonable explanation was provided for the delay.

## I. Liberty Interests

We first address the issue of liberty interests to determine if the prisoner was entitled to due process during his disciplinary hearings. In certain instances, a state may create a protected liberty interest. *Sandin v. Conner*, 515 U.S. 472, 483 (1995). However, in the case of prisoners, "these interests will be generally limited to freedom from restraint *** [that] imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. It has been held that a loss of good-time credit will implicate a protected liberty interest. *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, the United States Supreme Court held in *Sandin* that a prisoner's transfer to disciplinary segregation was not considered to be an "atypical, significant deprivation." *Sandin*, 515 U.S. at 486.

In *Sandin*, the prisoner was housed in a Hawaii prison where, he claimed, he was denied due process when he was denied witnesses at a disciplinary hearing as a result of which he received a punishment of 30 days of disciplinary segregation. *Id.* at 475. The Court concluded that the prisoner being placed in disciplinary segregation did not impose an "atypical, significant deprivation." *Id.* at 486. The Court reasoned that (1) the conditions of disciplinary segregation and administrative segregation were equally as harsh with only a few exceptions, (2) the placement did not cause a major departure from the prisoner's basic conditions, and (3) the situation did not affect the duration of the prisoner's sentence. *Id.* It concluded, "The regime to which he was subjected as a result of the misconduct hearing was within the range of confinement to be normally expected for one serving an

6

indeterminate term of 30 years to life." *Id.* at 487.

The facts in the instant case are similar to the facts in *Sandin*. Here, Taylor argues that being placed in disciplinary segregation at Tamms is an "atypical and significant hardship." He argues that at Tamms there is a significant difference between the conditions of disciplinary segregation and the conditions of administrative segregation. We disagree. Based on the conditions alleged in Taylor's complaint, we conclude that Taylor's confinement to disciplinary segregation for a limited amount of time when he is already housed at a supermaximum security prison does not constitute the deprivation required to trigger the standard for a cognizable liberty interest. It has been held that the transfer into Tamms should be afforded due process (*Westefer v. Snyder*, 725 F. Supp. 2d 735 (S.D. Ill. 2010)), but in the situation when a prisoner is already confined there, we do not agree that a transfer to disciplinary segregation within the prison should be afforded due process where there is no loss of some other cognizable liberty interest. The conditions Taylor complains of are not a dramatic departure from his prison environment, and they are within the range to be expected by someone serving two concurrent 75-year sentences.

Therefore, we conclude that Taylor was only entitled to due process for the May 10, 2005, hearing, in which he lost good-time credit. Accordingly, we will only address the due process issues in regards to the May 10, 2005, hearing.

For that hearing, Taylor asserts that his due process was violated when he was not allowed to call witnesses and was denied the live testimony of those witnesses. He seeks the remedies of *mandamus* and declaratory and injunctive relief.

## II. Witness Requests

Taylor argues that the defendants intentionally denied his request for witnesses and thus violated his right to due process. He attached an affidavit to his amended complaint, which asserts that he did request witnesses, and a copy of the final summary disciplinary

7

report, which states, "[D]efendant refused to participate in the proceedings." The defendants argue that he was required to request witnesses using the slip at the bottom of the disciplinary ticket and that the witnesses that he claimed to have requested would have provided irrelevant testimony. The defendants also attached a copy of the original disciplinary ticket to their motion to dismiss, which has the witness-request form at the bottom still attached.

Inmates subject to disciplinary action that could result in the loss of good-time credit are entitled to (1) notice of the disciplinary charges at least 24 hours prior to the hearing, (2) when consistent with institutional safety and correctional goals, an opportunity to call witnesses and present documentary evidence in defense, and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary actions. *Wolff*, 418 U.S. at 563-66. We note that in regard to the specific hearing of May 10, 2005, Taylor only asserts a denial of his request for witnesses and their live testimony.

Department rules specify that inmates may request that a witness be interviewed, by making a request in writing on the space at the bottom of the disciplinary report before the disciplinary hearing. 20 Ill. Adm. Code §504.80(f)(2), amended at 27 Ill. Reg. 6229, 6230, eff. May 1, 2003. In general, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority" or where their testimony would be irrelevant or unnecessary. *Wolff*, 418 U.S. at 566. "Since it is within the committee's discretion to deny an inmate's witness request, such a decision may not be challenged in a *mandamus* petition." *Ford*, 377 Ill. App. 3d at 1125.

In the instant case, Taylor did not request witnesses in a correct manner provided for by Department rules. The witness-request slip is still attached at the bottom of the disciplinary ticket, and Taylor acknowledges that he did not use the slip. He asserts that he

8

sent a written witness request through institutional mail. Any deviation from Department rules, such as a request for witnesses at the disciplinary hearing, would have been completely subject to the committee's discretion to accept. Even construing the facts to be most favorable to Taylor, we conclude that this was not an acceptable manner for requesting a witness by Department rules. Nor does he assert that he requested the witnesses at the hearing. Furthermore, the summary report for the hearing states that he refused to participate in the disciplinary hearing.

Moreover, regarding Taylor's request for a witness, he asserts that the prison official whom he requested as a witness would have testified to the homosexual orientation of the prison guard at issue in the May 10, 2005, hearing in which Taylor had been charged with soliciting unauthorized personal information. Taylor's asserted reason for calling the witness is to verify the sexuality of the guard whom he was trying to obtain information about and not to establish Taylor's innocence. Thus, this witness testimony would have been irrelevant and would have been in the discretion of the committee to deny.

We conclude that Taylor was not denied due process in regard to his witness request for the hearing of May 10, 2005, because he failed to follow Department rules for requesting witnesses and the testimony that he wanted to elicit would not have been relevant. In light of our finding that no witnesses were requested in the correct manner, we do not address the claim of a violation of due process by not allowing the live testimony of witnesses.

CONCLUSION

For the foregoing reasons, we conclude that Taylor's transfer into disciplinary segregation was not an "atypical, significant deprivation" implicating a liberty interest. We further conclude that he was allowed the appropriate due process for the hearing in which he lost his good-time credit. Due to our holding in this case, it is unnecessary to discuss the issue of *laches*. The circuit court's dismissal of Taylor's complaint is affirmed.

9

Affirmed.

NO. 5-08-0210

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| COREY A. TAYLOR, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Alexander County. |
| | ) | |
| v. | ) | No. 07-MR-24 |
| | ) | |
| R. SHELTON FREY, KEN | ) | |
| BARTLEY, and DAVID MITCHELL, | ) | Honorable |
| | ) | Charles C. Cavaness, |
| Defendants-Appellees. | ) | Judge, presiding. |

**Opinion Filed**: January 24, 2011

**Justices**: Honorable Melissa A. Chapman, P.J.

Honorable Richard P. Goldenhersh, J., and
Honorable Thomas M. Welch, J.,
Concur

*Pro se*
**Appellant**
Corey A. Taylor, Reg. No.: B-17010, Tamms Correctional Center, P.O. Box 2000, Tamms, IL 62988

**Attorneys**
**for**
**Appellees**
Lisa Madigan, Attorney General, State of Illinois, Michael A. Scodro, Solicitor General, Mary C. LaBrec, Assistant Attorney General, 100 West Randolph Street, 12th Floor, Chicago, IL 60601