NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210346-U

NO. 4-21-0346

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 26, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| BRIAN HARGARTEN, | ) | Appeal from the |
|     Plaintiff-Appellant, | ) | Circuit Court of |
|     v. | ) | Sangamon County |
| JACOB DALTON, KENNY S. WOODS, and ROB | ) | No. 20MR95 |
| JEFFREYS, | ) | |
|     Defendants-Appellees. | ) | Honorable |
| | ) | Dwayne A. Gab, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices DeArmond and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court affirmed in part, reversed in part, and remanded for further proceedings, concluding plaintiff was entitled to further proceedings on his claim that his due process rights were violated where he was denied the opportunity to present cell-house video footage but not any other claim raised in his complaint.

¶ 2    Plaintiff, Brian Hargarten, an inmate in the custody of the Illinois Department of Corrections (DOC), filed a complaint against defendants, Jacob Dalton, Kenny S. Woods, and Rob Jeffreys, DOC employees. Defendants filed a combined motion to dismiss pursuant to section 2-619.1 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2-619.1 (West 2020)). Following a hearing on defendants' motion, the circuit court dismissed plaintiff's complaint. Plaintiff now appeals from that dismissal. For the reasons that follow, we affirm in part, reverse in part, and remand for further proceedings.

¶ 3                                I. BACKGROUND

¶ 4 According to DOC prison inmate search results, plaintiff is currently serving a 62-year sentence for first degree murder and has a projected parole date of November 21, 2070. See Ill. Dep't of Corrections, https://www2.illinois.gov/idoc/Offender/pages/inmatesearch.aspx (last visited Aug. 23, 2022); see also *People v. Hargarten*, 2014 IL App (1st) 122600-U, ¶ 34 (affirming plaintiff's conviction and sentence on direct review). For the purposes of this appeal, the following additional facts gleaned from plaintiff's complaint and the exhibits attached thereto are accepted as true.

¶ 5 In September 2019, plaintiff was served with a disciplinary report alleging he had violated DOC regulation 107, which prohibits sexual misconduct. See 20 Ill. Adm. Code 504. Appendix A (No. 107) (2017). According to the report, on September 27, 2019, plaintiff, after receiving his medication from a certified medical technician, called out to the technician indicating he needed some of his medications reordered. The technician returned to plaintiff's cell, at which time she observed plaintiff masturbating while attempting to discuss his medication issues with her. The technician identified plaintiff by his ID attached to his cell door.

¶ 6 After receiving the disciplinary report, plaintiff completed the portion of the report designated for requesting witnesses and requested (1) Alif Ali, an inmate, who would reportedly testify that "[plaintiff] was not the one masturbating it was me [and] the nurse mistaked [*sic*] his cell for mine" and (2) Joseph Durre, a DOC employee, who would reportedly testify "that nothing was done by [plaintiff]." In addition, plaintiff prepared a written statement. In the statement, plaintiff (1) objected to the adjustment committee hearing the matter because a committee member, defendant Dalton, reportedly stated to plaintiff that he had been told by prison officials to find plaintiff guilty and to impose specific sanctions; (2) requested cell-house video footage; and (3) requested two DOC employees, "Lewis" and "Robinson," be called as witnesses.

¶ 7        In October 2019, plaintiff appeared before the adjustment committee, which consisted of defendants Dalton and Woods, for a hearing on the disciplinary report. At the commencement of the hearing, plaintiff objected to the matter being heard based on a lack of impartiality, an objection which was overruled. Plaintiff also requested cell-house video footage, a request which was denied. Plaintiff pleaded not guilty and stated, "It wasn't me, it was someone else." The adjustment committee was satisfied the violation occurred as reported and recommended, in part, revocation of one month of good conduct credit. The chief administrative officer approved the committee's determinations. According to a final summary report, Ali was interviewed, and his testimony was determined to be irrelevant, and Durre was called, and stated, "It was Hargarten, I was talking to Ali."

¶ 8        Plaintiff administratively appealed the adjustment committee's decision by filing a grievance. In the grievance, plaintiff argued, in part, his due process rights were violated because he was (1) forced to proceed before a partial adjustment committee, (2) denied the opportunity to present cell-house video footage, and (3) denied the opportunity to call witnesses. A grievance officer investigated the grievance and then recommended the grievance be denied. As part of the grievance officer's report, the officer wrote as follows: "Per Lt. Dalton, the adjustment committee determines guilt or innocence on the evidence that is submitted during the hearing. Nothing about the process is predetermined." In addition, the grievance officer wrote: (1) "Review of video footage is at the discretion of the Adjustment Committee" and (2) Ali and Durre, the two witnesses properly requested prior to the hearing, "were taken into consideration and/or interviewed." The chief administrative officer concurred with the recommendation. Plaintiff appealed, and the administrative review board found (1) it was reasonably satisfied plaintiff committed the offense and (2) plaintiff's due process claims were unsubstantiated. Defendant Jeffreys, the acting director

of the board, concurred with the board's decision.

¶ 9        Having exhausted his administrative remedies, plaintiff filed the instant complaint for a common law writ of *certiorari* in the circuit court. In his complaint, plaintiff argued, as he did in his grievance, his due process rights were violated where he was (1) forced to proceed before a partial adjustment committee, (2) denied the opportunity to present cell-house video footage, and (3) denied the opportunity to call witnesses. On motion of defendants, the circuit court dismissed plaintiff's complaint.

¶ 10       This appeal followed.

¶ 11                              II. ANALYSIS

¶ 12       On appeal, plaintiff argues we should reverse the circuit court's dismissal because his complaint for a common law writ of *certiorari* sufficiently stated a due process claim which was not otherwise barred. Specifically, plaintiff contends he is entitled to further proceedings on his claim that his due process rights were violated where he was (1) forced to proceed before a partial adjustment committee, (2) denied the opportunity to present cell-house video footage, and (3) denied the opportunity to call witnesses. While defendants disagree with plaintiff's contention that he is entitled to further proceedings on his claim of being denied the opportunity to call witnesses, they agree he is entitled to further proceedings on his claims of being forced to proceed before a partial adjustment committee and denied the opportunity to present cell-house video footage.

¶ 13       Because the statutes concerning prison disciplinary proceedings neither adopt the Administrative Review Law (735 ILCS 5/3-101 to 3-113 (West 2020)) nor provide another form of judicial review, "properly pled allegations of a denial of due process in prison disciplinary proceedings are reviewable in an action for *certiorari*." *Fillmore v. Taylor*, 2019 IL 122626, ¶ 67,

- 4 -

137 N.E.3d 779. Whether plaintiff has presented a due-process claim in his action for *certiorari* that can withstand a request for dismissal pursuant to section 2-619.1 of the Civil Code (735 ILCS 5/2-619.1 (West 2020)) is a question of law, which we review *de novo*. *Kucinsky v. Pfister*, 2020 IL App (3d) 170719, ¶ 34, 162 N.E.3d 426.

¶ 14    An inmate who is subject to disciplinary proceedings that may result in the loss of good conduct credit is entitled to certain due process guarantees. *Fillmore*, 2019 IL 122626, ¶ 57. Those guarantees include, *inter alia*, (1) "an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence" and (2) the "right to appear before an impartial decision maker." *Id.* ¶¶ 57, 65.

¶ 15    First, plaintiff contends, and defendants agree, he is entitled to further proceedings on his claim that his due process rights were violated where he was forced to proceed before a partial adjustment committee. We disagree. In support of his allegation that the adjustment committee was partial, plaintiff relies on defendant Dalton's alleged statement that he had been told by prison officials to find plaintiff guilty and to impose specific sanctions. While we agree, as defendants highlight, that our supreme court in *Fillmore* found an inmate's due process claim should not have been dismissed where it was based on an almost identical statement (*id.* ¶¶ 65-66), we find an important factual distinction between this case and *Fillmore*. Unlike *Fillmore*, the grievance officer in this case investigated plaintiff's claim and learned from defendant Dalton that "the adjustment committee determines guilt or innocence on the evidence that is submitted during the hearing" and that "[n]othing about the process is predetermined." The investigation by the grievance officer, therefore, demonstrates the receipt of the alleged statement from prison officials did not render the adjustment committee partial or affect the disciplinary hearing. Plaintiff is not entitled to further proceedings on his claim.

¶ 16        Next, plaintiff contends, and defendants agree, he is entitled to further proceedings on his claim that his due process rights were violated where he was denied the opportunity to present cell-house video footage. We agree. As defendants highlight, our supreme court has found an inmate's due process claim based on the denial of an evidence request should not have been dismissed where there was no explanation for the denial. *Id.* ¶ 64. In this case, there is no explanation for the denial of plaintiff's request. Furthermore, defendants do not provide, nor does this court find, any other basis upon which this court could find dismissal of plaintiff's claim was proper. Plaintiff, therefore, is entitled to further proceedings on his claim that his due process rights were violated where he was denied the opportunity to present cell-house video footage.

¶ 17        Last, plaintiff contends, and defendants disagree, he is entitled to further proceedings on his claim that his due process rights were violated where he was denied the opportunity to call witnesses, specifically Ali, Lewis, and Robinson. We disagree. As for Ali, the adjustment committee interviewed him and determined his testimony would be irrelevant, a finding which plaintiff has not disputed either before the circuit court or this court. See *Scruggs v. Jordan*, 485 F.3d 934, 939-40 (7th Cir. 2007) ("[P]rison disciplinary officials need not permit the presentation of irrelevant *** evidence in order to afford prisoners due process in disciplinary proceedings."). As for Lewis and Robinson, plaintiff did not, as indicated by the grievance officer, submit a witness request for them in accordance with DOC regulations. See 20 Ill. Adm. Code 504.80(f)(2) (eff. Apr. 1, 2017); *Taylor v. Frey*, 406 Ill. App. 3d 1112, 1118, 942 N.E.2d 758, 764 (2011) (finding an inmate's due process rights were not violated where the inmate failed to follow prison regulations for requesting witnesses). Plaintiff, therefore, is not entitled to further proceedings on his claim.

¶ 18        In summary, we conclude plaintiff is entitled to further proceedings on his claim

that his due process rights were violated where he was denied the opportunity to present cell-house video footage but not any other claim raised in his complaint. Defendants, on remand, should be permitted to supplement the administrative record—which we note has already been filed with the circuit court—with any evidence that may assist in resolving plaintiff's claim. See *Fillmore*, 2019 IL 122626, ¶ 64.

¶ 19                              III. CONCLUSION

¶ 20        For the reasons stated, we affirm in part, reverse in part, and remand for further proceedings.

¶ 21        Affirmed in part and reversed in part; cause remanded.