NO. 4-06-1060          Filed: 11-5-07

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

BOBBY FORD,                                  )    Appeal from
          Plaintiff-Appellant,               )    Circuit Court of
          v.                                 )    Sangamon County
ROGER E. WALKER, JR.; Administrative         )    No. 06MR305
Review Board Person SHERRY BENTON;           )
Illinois Prisoner Review Board Chair-        )
man NORMAN SUNA; Formal Head Warden          )
GUY D. PIERCE; Formal Head Warden            )
Designee Unknown "PP"; Adjustment Com-       )
mittee Chairperson DAVID A. LINGLE;          )    Honorable
and Cochairperson ANABELLE MOTTELER,         )    Patrick W. Kelley,
          Defendants-Appellees.              )    Judge Presiding.

_____

          JUSTICE McCULLOUGH delivered the opinion of the court:

          Plaintiff, Bobby Ford, an inmate in the Illinois

Department of Corrections (DOC), filed a complaint against

defendants, Roger E. Walker, Jr. (DOC's Director); Administrative

Review Board (Administrative Board) person Sherry Benton; Illi-

nois Prisoner Review Board (Prisoner Review Board) Chairman

Norman Suna; Formal Head Warden Designee Unknown "PP"; Adjustment

Committee Chairperson David A. Lingle; and Cochairperson Anabelle

Motteler, alleging his due-process rights were violated during

four prison disciplinary proceedings.  On November 21, 2006, the

trial court granted defendants' motions to dismiss.  Plaintiff

appeals, arguing the court erred by dismissing his complaint.

          On June 2, 2006, plaintiff filed a pro se "petition for

mandamus under 42 U.S.C. [section] 1983," alleging his due-process rights were violated during four prison disciplinary proceedings that resulted in revocation of good-conduct credits. He asserted due-process violations occurred at the adjustment-committee level of proceedings, including (1) insufficient evidence of his guilt to some of the charged offenses, (2) denial of his right to call witnesses, (3) denial of the opportunity to appear at one of his disciplinary hearings, (4) the failure of prison officials to timely conduct one of his disciplinary hearings, and (5) the failure of prison officials to conduct one of the disciplinary hearings at the same prison where the corresponding disciplinary report was issued. Plaintiff also alleged defendants failed to correct the due-process violations on review, and DOC's Director, the Prisoner Review Board, and the Administrative Board failed to provide "factual information" for their decisions.

Plaintiff requested the trial court hold the manner in which his good-conduct credits were revoked to be unconstitutional; compel restoration of his good-conduct credits and expungement of disciplinary reports; order defendants to provide him with a factual basis for decisions relating to the denial of his grievances, revocation of his good-conduct credits, and his prolonged placement in punitive segregation; and order defendants to adhere to and abide by the rules and laws governing revocation

of good-conduct credits.  Additionally, plaintiff asserted he was entitled to $100,000 in compensatory and punitive damages from each defendant and litigation expenses.

Documents attached to plaintiff's complaint showed he received four disciplinary reports while imprisoned.  On September 28, 2005, he received the first disciplinary report at issue.  In connection with that report, the adjustment committee found plaintiff guilty of insolence and disobeying a direct order.  It recommended revocation of three months of good-conduct credits.  Plaintiff filed a grievance, which was denied upon review by the Administrative Board.  The record does not contain the disciplinary report, the adjustment-committee report, or plaintiff's grievance; the above information is gleaned from the Administrative Board's report.

On October 7, 2005, plaintiff received the second disciplinary report, citing him with disobeying a direct order, intimidation or threats, and insolence.  An adjustment-committee hearing was conducted, during which two of plaintiff's three witnesses were called.  The adjustment-committee report states the third witness was "not contacted due to being [the] reporting employee."  The adjustment committee found plaintiff guilty of disobeying a direct order and insolence and recommended revocation of one month of plaintiff's good-conduct credits.  Plaintiff filed a grievance but the Administrative Board denied it.

On October 28, 2005, plaintiff was issued a third disciplinary report, citing him with assault. The adjustment committee report shows a hearing was conducted and three of plaintiff's four witnesses were called. The fourth witness was not called because his testimony was deemed to be cumulative. Following the hearing, the adjustment committee found plaintiff guilty of assault and recommended revocation of six months of his good-conduct credits. Plaintiff filed a grievance, which the Administrative Board denied . On January 17, 2006, the Prisoner Review Board adjusted the loss of good-conduct credits to three months.

On January 16, 2006, plaintiff received the fourth disciplinary report at issue, citing him with assault, fighting, and threats or intimidation. The adjustment-committee report shows a hearing was conducted, but plaintiff requested no witnesses and refused to appear. The adjustment committee found plaintiff guilty of all three cited offenses and recommended revocation of one year's good-conduct credits. The record shows plaintiff filed a grievance but does not contain a final decision by the Administrative Board.

Defendants filed motions to dismiss plaintiff's petition pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2004)), alleging he failed to state a cause of action for mandamus relief. On November 21, 2006, the

trial court granted defendants' motions.

This appeal followed.

Initially, defendants contend plaintiff failed to exhaust his administrative remedies in connection with his first, second, and fourth disciplinary reports. Specifically, they note plaintiff failed to attach the following documents to his complaint: (1) an adjustment-committee report for his first disciplinary hearing, (2) grievances he filed in connection with his first, second, and fourth disciplinary reports, and (3) the Administrative Board's decision in connection with his fourth disciplinary report.

A party aggrieved by an administrative decision cannot seek judicial review unless he has first pursued all available administrative remedies. Johnson v. Department of Corrections, 368 Ill. App. 3d 147, 150, 857 N.E.2d 282, 285 (2006). The doctrine of exhaustion of administrative remedies applies to grievances filed by inmates. Johnson, 368 Ill. App. 3d at 150, 857 N.E.2d at 285.

Contrary to defendants' contentions, the documents plaintiff attached to his complaint were sufficient to show he exhausted administrative remedies in connection with his first three disciplinary reports. However, with respect to his fourth disciplinary report, plaintiff failed to show his grievance had administrative finality and, therefore, did not meet his burden

of showing the exhaustion of administrative remedies.  See Reyes
v. Walker, 358 Ill. App. 3d 1122, 1125-26, 833 N.E.2d 379, 382
(2005).  Although plaintiff attached the Administrative Board's
final decision to his appellate brief (showing reduction of the
amount of his good-conduct credits to zero), documents appended
to briefs that were not included in the record on appeal will be
ignored.  In re Parentage of Melton, 321 Ill. App. 3d 823, 826,
748 N.E.2d 291, 294 (2001).  Thus, our review is limited to
proceedings in connection with only the first three disciplinary
reports.

On appeal, plaintiff argues the trial court erred by
granting defendants' motions to dismiss.  A section 2-615 motion
challenges the legal sufficiency of a complaint.  Gilchrist v.
Snyder, 351 Ill. App. 3d 639, 642, 814 N.E.2d 147, 150 (2004).
Pursuant to that section, "[d]ismissal is appropriate only where,
viewing the allegations in the light most favorable to the
plaintiff, it is clear that no set of facts can be proved under
the pleadings that will entitle the plaintiff to relief."
Gilchrist, 351 Ill. App. 3d at 642, 814 N.E.2d at 150.  A trial
court's dismissal of a complaint pursuant to section 2-615 is
subject to de novo review.  Gilchrist, 351 Ill. App. 3d at 642,
814 N.E.2d at 150.

"An allegation of a due-process-rights violation ***
states a cause of action in mandamus."  Dye v. Pierce, 369 Ill.

- 6 -

App. 3d 683, 687, 868 N.E.2d 293, 296 (2006). Mandamus is an extraordinary remedy that may be used to compel a public officer to perform his official duties that do not involve an exercise of discretion. Lewis E. v. Spagnolo, 186 Ill. 2d 198, 229, 710 N.E.2d 798, 813 (1999). "A writ of mandamus will not be granted unless the plaintiff can show a clear, affirmative right to relief, a clear duty of the defendant to act, and clear authority in the defendant to comply with the writ." Spagnolo, 186 Ill. 2d at 229, 710 N.E.2d at 813. Such relief "'is not appropriate to regulate a course of official conduct or to enforce the performance of official duties generally.'" Cannon v. Quinley, 351 Ill. App. 3d 1120, 1127, 815 N.E.2d 443, 449 (2004), quoting Hatch v. Szymanski, 325 Ill. App. 3d 736, 739, 759 N.E.2d 585, 588 (2001).

In his complaint, plaintiff argued he was denied due process during his prison disciplinary proceedings. Principles of due process require an inmate receive (1) notice of disciplinary charges at least 24 hours prior to a hearing, (2) the opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals, and (3) a written statement by the fact finder of the evidence relied upon to support a finding of guilt. Cannon, 351 Ill. App. 3d at 1127, 815 N.E.2d at 449, citing Wolff v. McDonnell, 418 U.S. 539, 563-66, 41 L. Ed. 2d 935, 955-56, 94 S. Ct. 2963, 2978-79 (1974).

- 7 -

First, plaintiff contended his due-process rights were violated because the adjustment committee's guilty findings in connection with his October 7, 2005, and October 25, 2005, disciplinary reports were not supported by the evidence. To find an inmate guilty of a charged offense, the adjustment committee "must be reasonably satisfied there is some evidence that the offender committed the offense." 20 Ill. Adm. Code §504.80(j)(1-), as amended by 27 Ill. Reg. 6214, 6229 (eff. May 1, 2003). Plaintiff's claims are insufficient to show his due-process rights were violated. The relevant adjustment-committee decisions were attached to his complaint. Each decision shows the committee provided the basis for its guilty finding and included the facts relied upon by the committee. A review of those documents shows the committee's decisions were supported by "some evidence" as required.

Second, plaintiff argued he was denied his right to call witnesses at his October 13, 2005, disciplinary hearing. The adjustment committee may deny an inmate's witness request "if the witness's testimony would be irrelevant, cumulative, or would jeopardize the safety or disrupt the security of the facility, among other reasons." Cannon, 351 Ill. App. 3d at 1131, 815 N.E.2d at 452. Since it is within the committee's discretion to deny an inmate's witness request, such a decision may not be challenged in an mandamus petition. Cannon, 351 Ill. App. 3d at 1131, 815 N.E.2d at 452.

The remainder of plaintiff's alleged due-process violations concern proceedings in connection with only his fourth disciplinary report. Because he failed to prove exhaustion of administrative remedies as to that report, we do not consider those allegations on appeal.

Here, plaintiff failed to allege facts that would entitle him to mandamus relief for due-process violations at the adjustment-committee level of disciplinary proceedings. It follows that there were no errors to correct on review from those proceedings, and plaintiff's argument to that effect also fails.

In his complaint, plaintiff further argued DOC's director, the Administrative Board, and the Prisoner Review Board were required, but failed, to provide "factual information" for their decisions. To support his position, plaintiff cited section 3-5-1(b) of the Unified Code of Corrections (730 ILCS 5/3-5-1(b) (West 2004)), which provides as follows:

> "If [DOC] or the Prisoner Review Board makes
> a determination *** which affects the length
> of the period of confinement or commitment,
> the committed person and his counsel shall be
> advised of factual information relied upon
> *** to make the determination."

Pursuant to section 3-5-1(b), "any time a decision affecting the length of commitment is made, the committed person is entitled to know the factual basis for that decision." Hynes v. Snyder, 355

Ill. App. 3d 394, 402, 823 N.E.2d 231, 238 (2005).

In this instance, the decisions affecting the length of plaintiff's commitment were the revocations of his good-conduct credit. The record reflects he was advised of the factual basis for the revocations at the adjustment-committee level of proceedings. Section 3-5-1(b) does not require more than this. (Although plaintiff failed to attach one of the adjustment committee's decisions to his complaint, we note his argument is based on the fact that he did not receive "factual information" from the director, the Administrative Board, or the Prisoner Review Board, not that he failed to receive the appropriate information from the adjustment committee.)

In this case, plaintiff failed to allege facts sufficient to show due-process violations at the adjustment-committee level or that he failed to receive the "factual information" relied upon to revoke his good-conduct credits. His complaint failed to state a cause of action for mandamus relief.

Finally, we note, defendant filed a pro se "petition for mandamus under 42 U.S.C. [section] 1983." Plaintiff's complaint did not distinguish between claims for mandamus relief and claims brought under section 1983. Nevertheless, revocation of good-conduct credit may be reviewed pursuant to section 1983 of the Civil Rights Act (42 U.S.C. §1983 (2000)) where the inmate seeks damages or injunctive relief. Wolff, 418 U.S. at 554-55, 41 L. Ed. 2d at 950, 94 S. Ct. at 2974; see also Mason v. Snyder,

332 Ill. App. 3d 834, 844, 774 N.E.2d 457, 465 (2002) (Cook, J., dissenting).  However, for the same reasons already stated, plaintiff failed to allege sufficient facts that would entitle him to relief.

Additionally, "where success in a prisoner's [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence."  Muhammad v. Close, 540 U.S. 749, 751, 158 L. Ed. 2d 32, 36, 124 S. Ct. 1303, 1304 (2004), citing Heck v. Humphrey, 512 U.S. 477, 129 L. Ed. 2d 383, 114 S. Ct. 2364 (1994).  Here, plaintiff's success in this action would implicitly question the validity of his disciplinary proceedings and the duration of his sentence.  Thus, his section 1983 claim must also fail because he failed to show a previous successful challenge to his disciplinary proceedings.

Here, plaintiff failed to allege sufficient facts that would entitle him to mandamus relief or relief under section 1983.  The trial court did not err by granting defendants' motions to dismiss.

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

KNECHT and TURNER, JJ., concur.