NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 190358-U

NO. 4-19-0358

IN THE APPELLATE COURT

FILED
May 22, 2020
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| LONNIE ARSBERRY, | ) | Appeal from the |
|       Petitioner-Appellant, | ) | Circuit Court of |
|       v. | ) | Sangamon County |
| JOHN BALDWIN, in His Official Capacity as Director of | ) | No. 18MR388 |
| Corrections, | ) | |
|       Respondent-Appellee. | ) | Honorable |
| | ) | Rudolph M. Braud Jr., |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Justices DeArmond and Harris concurred in the judgment.

**ORDER**

¶ 1 *Held*: The circuit court's dismissal of petitioner's petition for *mandamus* was proper.

¶ 2  In May 2018, petitioner, Lonnie Arsberry, filed a *pro se* complaint for *mandamus* (735 ILCS 5/14-101 *et seq.* (West 2018)) against respondent, John Baldwin, in his official capacity as Director of Corrections. In his *mandamus* petition, petitioner sought additional sentence credit under section 3-6-3(a)(4) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/3-6-3(a)(4) (West 2018)) and immediate release from prison. Petitioner later filed a supplement to his *mandamus* petition, to which he attached numerous exhibits. In September 2018, respondent filed a combined motion to dismiss under section 2-619.1 of the Code of Civil Procedure (Procedure Code) (735 ILCS 5/2-619.1 (West 2018)). After a May 2019 hearing, the Sangamon County circuit court granted respondent's motion to dismiss.

¶ 3  Petitioner appeals, asserting the circuit court erred by dismissing his *mandamus*

petition. We affirm.

¶ 4                                    I. BACKGROUND

¶ 5            A jury found petitioner guilty of armed robbery (Ill. Rev. Stat. 1985, ch. 38, ¶ 18-2(a)) and two counts of aggravated battery (Ill. Rev. Stat. 1985, ch. 38, ¶ 12-4) for petitioner's actions on October 10, 1989. *People v. Arsberry*, 242 Ill. App. 3d 1034, 1034, 611 N.E.2d 1285, 1286 (1993). Armed robbery was a Class X felony (Ill. Rev. Stat. 1985, ch. 38, ¶ 18-2(b)) and aggravated battery was a Class 3 felony (Ill. Rev. Stat. 1985, ch. 38, ¶ 12-4(e)). The Cook County circuit court sentenced petitioner to 60 years' imprisonment for armed robbery and two concurrent 5-year terms for each count of aggravated battery, to be served consecutively to the sentence for armed robbery. *Arsberry*, 242 Ill. App. 3d at 1034-35, 611 N.E.2d at 1286.

¶ 6            On May 11, 2018, petitioner filed his petition for *mandamus*, seeking to have the circuit court award him additional sentence credit under section 3-6-3(a)(4) of the Unified Code (730 ILCS 5/3-6-3(a)(4) (West 2018)). He asserted a proper application of section 3-6-3(a)(4) would result in an additional 4½ years of sentence credit to him, and thus he would be entitled to immediate release from prison. His *mandamus* petition noted his current date for release from prison was April 2022. We note petitioner is currently on home custody with a projected release date of October 2020. See Illinois Department of Corrections, Inmate Search, http://www2.illinois.gov/idoc/offender/pages/inmateSearch.aspx (last visited Apr. 16, 2020). In June 2018, petitioner filed a supplement to his *mandamus* petition and attached numerous diplomas, transcripts, certificates, and documentation supporting his allegation of participation and successful completion of programming while in prison for the past 28 years. Petitioner also asserted in the supplement he was owed up to 8 years, 2 months, and 12 days of sentence credit for his participation in various programs. Petitioner did not seek leave to file his supplement to

his *mandamus* petition.

¶ 7        In September 2018, respondent filed a combined motion to dismiss under section 2-619.1 of the Procedure Code (735 ILCS 5/2-619.1 (West 2018)).  Respondent argued petitioner's complaint should be dismissed with prejudice under section 2-619 of the Procedure Code (735 ILCS 5/2-619 (West 2018)) because the relief petitioner requested involved the exercise of discretion, and thus relief could not be compelled through a writ of *mandamus*. Respondent also argued petitioner's complaint should be dismissed without prejudice under section 2-615 of the Procedure Code (735 ILCS 5/2-615 (West 2018)) because petitioner neither alleged facts sufficient to plead a cause of action upon which relief can be granted nor alleged facts sufficient to show he exhausted his administrative remedies prior to filing suit.  Petitioner filed a reply to the motion to dismiss, attaching his February 15, 2018, grievance that requested sentence credit under section 3-6-3(a)(4).

¶ 8        On May 6, 2019, the circuit court held a telephone conference on respondent's motion to dismiss.  The court granted respondent's motion to dismiss under section 2-619.  On May 9, 2019, the court entered the written dismissal order.

¶ 9        On June 7, 2019, petitioner filed a timely notice of appeal from the dismissal of his petition for *mandamus* in sufficient compliance with Illinois Supreme Court Rule 303 (eff. July 1, 2017).  Thus, this court has jurisdiction of petitioner's appeal under Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994).

¶ 10                                II. ANALYSIS

¶ 11        In this case, petitioner appeals from the circuit court's dismissal of his *mandamus* action.  Regardless of whether the circuit court's dismissal of petitioner's *mandamus* action was under section 2-615 or 2-619, or a combination of both sections pursuant to section 2-619.1, this

court's standard of review is the same. *Jane Doe-3 ex rel. Julie Doe-3 v. White*, 409 Ill. App. 3d 1087, 1092, 951 N.E.2d 216, 223 (2011). We review *de novo* the circuit court's dismissal. *White*, 409 Ill. App. 3d at 1092, 951 N.E.2d at 223. "In doing so, we will accept as true all well-pleaded factual allegations." *White*, 409 Ill. App. 3d at 1092, 951 N.E.2d at 223. Additionally, we may affirm the dismissal on any basis in the record, regardless of the circuit court's reasoning. *O'Callaghan v. Satherlie*, 2015 IL App (1st) 142152, ¶ 17, 36 N.E.3d 999.

¶ 12 *Mandamus* relief is an extraordinary remedy which will not be granted unless the petitioner establishes he has a clear right to the relief requested, the respondent public officer has a clear duty to act, and the public officer has clear authority to comply with the order. *People ex rel. Birkett v. Konetski*, 233 Ill. 2d 185, 192-93, 909 N.E.2d 783, 791 (2009). If the act in question involves the exercise of an official's discretion, relief will not be granted. *Konetski*, 233 Ill. 2d at 193, 909 N.E.2d at 791.

¶ 13 Petitioner asserts he is entitled to the additional sentence credit under section 3-6-3(a)(4) of the Unified Code (730 ILCS 5/3-6-3(a)(4) (West 2018)). A history of the amendments to the statute and the statute's current language are necessary to understanding the application of section 3-6-3(a)(4) to petitioner's *mandamus* petition.

¶ 14 Public Act 86-1373, which was effective September 10, 1990, added subsection (a)(4) to section 3-6-3 of the Unified Code. The new section provided the good conduct credit accumulated under section 3-6-3(a)(2) for each day of service in prison should be multiplied by 1.25 when the inmate was engaged in certain programs. Pub. Act 86-1373 (eff. Sept. 10, 1990) (adding 730 ILCS 5/3-6-3(a)(4)). However, the provision excluded inmates who were convicted of first degree murder, second degree murder, or a Class X felony from receiving the additional sentence credit. Pub. Act 86-1373 (eff. Sept. 10, 1990) (adding 730 ILCS 5/3-6-3(a)(4)). Later,

Public Act 88-311, which was effective August 11, 1993, amended section 3-6-3(a)(4) and changed the multiplier to provide programs satisfactorily completed before the effective date of the amendment shall be multiplied by a factor of 1.25 and 1.50 for program participation on or after the effective date of the amendment. Public Act 88-311 also added more offenses that were excluded from receiving the additional sentence credit. Pub. Act 88-311 (eff. Aug. 11, 1993) (amending 730 ILCS 5/3-6-3(a)(4)). Public Act 90-592, which was effective on June 19, 1998, made significant changes to section 3-6-3 in its entirety but neither changed the multiplier nor the Class X exclusion related to the additional sentence credit. Subsequent amendments added more offenses excluded from the additional sentence credit.

¶ 15        In 2017, the legislature passed Public Act 100-3, which was effective January 1, 2018, and made the sweeping changes to section 3-6-3 of the Procedure Code that are at issue in this appeal. Section 3-6-3(a)(4) of the Procedure Code as amended by Public Act 100-3 provided, in pertinent part, as follows:

> "Except as provided in paragraph (4.7) of this subsection (a), the rules and regulations shall also provide that the sentence credit accumulated and retained under paragraph (2.1) of subsection (a) of this Section by any inmate during specific periods of time in which such inmate is engaged full-time in substance abuse programs, correctional industry assignments, educational programs, behavior modification programs, life skills courses, or re-entry planning provided by the Department under this paragraph (4) and satisfactorily completes the assigned program as determined by the standards of the Department, shall be multiplied by a factor of 1.25 for program participation before August 11, 1993 and 1.50 for program participation on or after that date." 730 ILCS 5/3-6-3(a)(4)

(West 2018).

Section 3-6-3(a)(4.7) of the Unified Code provided as follows:

> "On or after the effective date of this amendatory Act of the 100th General Assembly, sentence credit under paragraph (3), (4), or (4.1) of this subsection (a) may be awarded to a prisoner who is serving a sentence for an offense described in paragraph (2), (2.3), (2.4), (2.5), or (2.6) for credit earned on or after the effective date of this amendatory Act of the 100th General Assembly; provided, the award of the credits under this paragraph (4.7) shall not reduce the sentence of the prisoner to less than the following amounts:
>
> (i) 85% of his or her sentence if the prisoner is required to serve 85% of his or her sentence; or
>
> (ii) 60% of his or her sentence if the prisoner is required to serve 75% of his or her sentence, except if the prisoner is serving a sentence for gunrunning his or her sentence shall not be reduced to less than 75%.
>
> This paragraph (4.7) shall not apply to a prisoner serving a sentence for an offense described in subparagraph (i) of paragraph (2) of this subsection (a)." 730 ILCS 5/3-6-3(a)(4.7) (West 2018).

Public Act 100-3 removed the restriction preventing Class X offenders from receiving credits provided by section 3-6-3(a)(4). Pub. Act 100-3 (eff. Jan. 1, 2018) (amending 730 ILCS 5/3-6-3(a)(4)).

¶ 16　　　　Recently, the legislature amended section 3-6-3(a)(4) again by adding the following language:

> "(B) The Department shall award sentence credit under this paragraph (4)

accumulated prior to the effective date of this amendatory Act of the 101st General Assembly in an amount specified in subparagraph (C) of this paragraph (4) to an inmate serving a sentence for an offense committed prior to June 19, 1998, if the Department determines that the inmate is entitled to this sentence credit, based upon:

(i) documentation provided by the Department that the inmate engaged in any full-time substance abuse programs, correctional industry assignments, educational programs, behavior modification programs, life skills courses, or re-entry planning provided by the Department under this paragraph (4) and satisfactorily completed the assigned program as determined by the standards of the Department during the inmate's current term of incarceration; or

(ii) the inmate's own testimony in the form of an affidavit or documentation, or a third party's documentation or testimony in the form of an affidavit that the inmate likely engaged in any full-time substance abuse programs, correctional industry assignments, educational programs, behavior modification programs, life skills courses, or re-entry planning provided by the Department under paragraph (4) and satisfactorily completed the assigned program as determined by the standards of the Department during the inmate's current term of incarceration.

(C) If the inmate can provide documentation that he or she is entitled to sentence credit under subparagraph (B) in excess of 45 days of participation in those programs, the inmate shall receive 90 days of sentence credit. If the inmate

cannot provide documentation of more than 45 days of participation [in] those programs, the inmate shall receive 45 days of sentence credit.  In the event of a disagreement between the Department and the inmate as to the amount of credit accumulated under subparagraph (B), if the Department provides documented proof of a lesser amount of days of participation in those programs, that proof shall control.  If the Department provides no documentary proof, the inmate's proof as set forth in clause (ii) of subparagraph (B) shall control as to the amount of sentence credit provided.

(D) If the inmate has been convicted of a sex offense as defined in Section 2 of the Sex Offender Registration Act [730 ILCS 150/2 (West 2018)], sentence credits under subparagraph (B) of this paragraph (4) shall be awarded by the Department only if the conditions set forth in paragraph (4.6) of subsection (a) are satisfied.  No inmate serving a term of natural life imprisonment shall receive sentence credit under subparagraph (B) of this paragraph (4)."  Pub. Act 101-440 (eff. Jan. 1, 2020) (amending 730 ILCS 5/3-6-3(a)(4)).

¶ 17 Here, petitioner concedes he was prohibited from earning the additional sentence credit provided by section 3-6-3(a)(4) until January 1, 2018, the effective date of Public Act 100-575.  However, he argues the amendment made by Public Act 100-575 applied retroactively, and thus he was entitled to the application of the appropriate multiplier to all eligible programs that he had already satisfactorily completed.  In support of his argument, petitioner noted the following language from section 3-6-3(a)(4) of the Unified Code (730 ILCS 5/3-6-3(a)(4) (West 2018)): "multiplied by a factor of 1.25 for program participation before August 11, 1993 and 1.50 for program participation on or after that date."  Respondent disagrees, asserting the

amendment made by Public Act 100-575 is prospective.

¶ 18       The Illinois Supreme Court has adopted the two-part analysis for determining retroactivity established by the United States Supreme Court in *Landgraf v. USI Film Products*, 511 U.S. 244 (1994). *People ex rel. Alvarez v. Howard*, 2016 IL 120729, ¶ 19, 72 N.E.3d 346. With the *Landgraf* test, the first question is whether the legislature clearly indicated the temporal reach of the amended statute. *Howard*, 2016 IL 120729, ¶ 19. "If so, then that expression of legislative intent must be given effect, absent a constitutional prohibition." *Howard*, 2016 IL 120729, ¶ 19. "If not, then the court proceeds to step two and determines whether the statute would have a retroactive impact." *Howard*, 2016 IL 120729, ¶ 19. However, an Illinois court does not need to go beyond step one of the *Landgraf* test because the legislature has clearly set forth the temporal reach of every amended statute in section 4 of the Statute on Statutes (5 ILCS 70/4 (West 2014)). *Howard*, 2016 IL 120729, ¶ 20. Section 4 of the Statute on Statutes is a general savings clause, which the Illinois Supreme Court has interpreted as meaning "procedural changes to statutes will be applied retroactively, while substantive changes are prospective only." *Howard*, 2016 IL 120729, ¶ 20.

¶ 19       The only temporal reference in the amendment made by Public Act 100-3 is contained in section 3-6-3(a)(4.7), which states, in pertinent part, the following:

> "On or after the effective date of this amendatory Act of the 100th General Assembly, sentence credit under paragraph (3), (4), or (4.1) of this subsection (a) may be awarded to a prisoner who is serving a sentence for an offense described in paragraph (2), (2.3), (2.4), (2.5), or (2.6) for *credit earned on or after the effective date* of this amendatory Act of the 100th General Assembly provided ***." (Emphasis added.) Pub. Act 100-3 (eff. Jan. 1, 2018) (adding 730 ILCS

5/3-6-3(a)(4.7)).

That section expressly states the amendment has a prospective application. We note the Appellate Court, Second District, recently reached the same conclusion in *Sharp v. Baldwin*, 2020 IL App (2d) 181004, ¶ 12. Even in the absence of that language in Public Act 100-3, the amendment makes substantive changes, which are prospective only. See 5 ILCS 70/4 (West 2018). We note the language cited by respondent in support of his argument was included in Public Act 88-311 (eff. Aug. 11, 1993) (amending 730 ILCS 5/3-6-3(a)(4)), and not Public Act 100-3, which removed the Class X exclusion. Thus, we find the amendment made by Pub. Act 100-3 applies prospectively only.

¶ 20        Our conclusion is supported by the language of the subsequent amendment made by Public Act 101-440 (eff. Jan. 1, 2020) (adding 730 ILCS 5/3-6-3(a)(4)(B)), which expressly provides for sentence credit under section 3-6-3(a)(4) accumulated prior to the effective date of the amendment to an inmate serving a sentence for an offense committed prior to June 19, 1998. Public Act 101-440 also discusses the necessary evidence for determining the sentence credit and the amount of the sentence credit, which is different from the multipliers. Pub. Act 101-440 (eff. Jan. 1, 2020) (adding 730 ILCS 5/3-6-3(a)(4)(B), (C)). Our conclusion is also supported by *People v. Washington*, 2019 IL App (1st) 172372, ¶ 9, 130 N.E.3d 77, where the reviewing court found Public Act 100-3 did not apply to a petitioner's request for sentence credit for programs completed prior to the effective date of the amendment.

¶ 21        Accordingly, petitioner is only entitled to additional sentence credit under section 3-6-3(a)(4) of the Unified Code (730 ILCS 5/3-6-3(a)(4) (West 2018)) for programs completed *after January 1, 2018*. As of January 1, 2020, petitioner may also be entitled to additional sentence credit under section 3-6-3(a)(4)(B) for his completion of programs before January 1,

2018.  See Pub. Act 101-440 (eff. Jan. 1, 2020) (adding section 730 ILCS 5/3-6-3(a)(4)(B)).

Respondent contends the aforementioned possible avenues for additional sentence credit being

awarded to petitioner do not require reversal of the circuit court's dismissal because, *inter alia*,

petitioner did not exhaust his administrative remedies.  We agree with respondent.

¶ 22        This court has recognized " '[t]he doctrine of exhaustion of administrative

remedies applies to grievances filed by inmates.' "  *Montes v. Taylor*, 2013 IL App (4th) 120082,

¶ 12, 985 N.E.2d 1037 (quoting *Ford v. Walker*, 377 Ill. App. 3d 1120, 1124, 888 N.E.2d 123,

127 (2007)).  The doctrine of exhaustion of administrative remedies provides " '[a] party

aggrieved by an administrative decision cannot seek judicial review unless he has first pursued

all available administrative remedies.' "  *Montes*, 2013 IL App (4th) 120082, ¶ 12 (quoting *Ford*,

377 Ill. App. 3d at 1124, 888 N.E.2d at 126-27).  Where an inmate fails to show his or her

grievance had administrative finality, the inmate does not meet his or her burden of showing

exhaustion of administrative remedies.  *Montes*, 2013 IL App (4th) 120082, ¶ 12.  Here, the

record shows the February 15, 2018, grievance filed by petitioner was based on his completion

of programs before January 1, 2018, as he asserted his out date should have been January 2,

2018.  Thus, petitioner has not shown he pursued all administrative remedies available to him as

to sentence credit under section 3-6-3(a)(4) for programs completed after January 1, 2018,

provided by Public Act 100-3 (eff. Jan. 1, 2018) and under sections 3-6-3(a)(4)(B) and 3-6-

3(A)(4)(C) for his completion of programs before January 1, 2020, as provided by Public Act

101-440 (eff. Jan. 1, 2020) (adding section 730 ILCS 5/3-6-3(a)(4)(B), (C)).  We note petitioner

may have in fact received such additional sentence credit as his projected parole date is now

October 2020, instead of April 2022.

¶ 23        Accordingly, we find the circuit court's dismissal of petitioner's *mandamus*

petition was proper.

¶ 24                                    III. CONCLUSION

¶ 25        For the reasons stated, we affirm the Sangamon County circuit court's judgment.

¶ 26        Affirmed.