NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 200521-U

NO. 4-20-0521

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 11, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| RICHARD AUSMUS, | ) | Appeal from the |
|        Petitioner-Appellant, | ) | Circuit Court of |
|        v. | ) | Logan County |
| ROB JEFFREYS, in His Official Capacity as Director of | ) | No. 20MR88 |
| Corrections, and EMILY RUSKIN, in Her Official | ) | |
| Capacity as the Warden of Lincoln Correctional Center, | ) | |
|        Respondents-Appellees. | ) | Honorable |
| | ) | Thomas W. Funk, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Justices Cavanagh and Holder White concurred in the judgment.

**ORDER**

¶ 1 *Held*: The circuit court's dismissal of petitioner's petition for an injunction was proper.

¶ 2  In June 2020, petitioner, Richard Ausmus, filed a *pro se* petition for an injunction against respondents, Rob Jeffreys, in his official capacity as Director of Corrections, and Emily Ruskin, in her official capacity as warden of the Lincoln Correctional Center. In his petition, petitioner sought an injunction to compel respondents to (1) reduce the population of Lincoln Correctional Center by half, (2) apply good conduct credit sufficient to allow for his release, (3) allow him access to fresh air as needed, and (4) maintain the ventilation system in compliance with standards set by the United States Occupational Safety and Health Administration (OSHA). He contended respondents acted with deliberate indifference to the health risks possessed by the COVID-19 pandemic in violation of the eighth amendment (U.S.

Const., amend. VIII). In September 2020, respondent Jeffreys filed what was essentially a combined motion to dismiss under section 2-619.1 of the Code of Civil Procedure (Procedure Code) (735 ILCS 5/2-619.1 (West 2018)) and a supporting memorandum, asserting petitioner failed to state a cause of action and failed to exhaust his administrative remedies at the institutional level. After a September 2020 hearing, the Logan County circuit court dismissed with prejudice petitioner's petition.

¶ 3        Petitioner appeals *pro se*, asserting the circuit court erred by dismissing his petition because (1) the doctrine of exhaustion of remedies did not apply and (2) he did specify he was seeking relief under the eighth amendment. We affirm.

¶ 4                                          I. BACKGROUND

¶ 5        On March 28, 2020, petitioner, an inmate at the Lincoln Correctional Center, filed a grievance alleging deliberate indifference and an eighth amendment violation. Petitioner stated he was 54 years old with asthma, high cholesterol, and prostate issues. He noted the governor had issued a stay-at-home order due to the COVID-19 pandemic with limitations on businesses and social gatherings. Despite the need for social distancing, petitioner was forced to live on a wing that had 5 dorms with 20 inmates in each dorm. As such, 100 inmates shared the same restroom, telephones, kiosk machines, and showers. Petitioner noted he was also being forced to walk to the inmate dining hall for meals and the inmates who worked there were from different housing units, exposing petitioner to even more people. Petitioner asserted respondents had an obligation to protect him and other inmates in the facility from the risk of COVID-19. He requested the dorms be limited to 10 inmates and the inmates not be allowed to leave the wing. Additionally, petitioner requested $20,000 or release from custody for the eighth amendment violation.

¶ 6        In June 2020, petitioner filed his petition for a "motion for emergency/mandatory and/or preventive injunction." In his petition, petitioner asserted he received a March 30, 2020, counseling summary in response to his grievance, which noted petitioner's grievance could not be resolved at the facility and directed petitioner to mail his grievance to the administrative review board. Petitioner forwarded his grievance to the administrative review board on April 3, 2020, but his grievance remained unresolved. He further alleged respondents were subjecting him to cruel and unusual punishment by their deliberate indifference to the serious threat to human life posed by COVID-19. Petitioner noted the lack of social distancing, an inadequate ventilation system, his inability to access fresh air, and the housing of 100 inmates per wing in a small area. He sought an injunction to compel respondents to (1) reduce the population of Lincoln Correctional Center by half, (2) apply good conduct credit sufficient to allow for his release, (3) allow him access to fresh air as needed, and (4) maintain the ventilation system in compliance with OSHA standards.

¶ 7        In September 2020, respondent Jeffreys filed a motion to dismiss petitioner's petition because petitioner failed to (1) exhaust the administrative remedies available to him and (2) state a claim for deliberate indifference under the eighth amendment. Petitioner filed a response to the motion, arguing he was not required to exhaust administrative remedies because (1) only the federal Prison Litigation Reform Act of 1995 (42 U.S.C. § 1997e (2018)) required exhaustion of remedies and it did not apply to state court actions, (2) petitioner made a timely reservation of rights under the Uniform Commercial Code (810 ILCS 5/1-101 *et seq.* (West 2018)), and (3) an inmate alleging a deliberate indifference claim was not required to wait until the harm occurred.

¶ 8        On September 17, 2020, the circuit court held a telephone hearing on respondent

Jeffreys's motion to dismiss. A report of proceedings for that hearing is not included in the record on appeal. At the end of the hearing, the court took the matter under advisement. On October 1, 2020, the court entered a written order dismissing with prejudice petitioner's petition in its entirety. The court treated the petition as one seeking *mandamus* relief. It found petitioner failed to demonstrate his administrative remedies had been exhausted. The court also concluded petitioner had failed to allege sufficient facts showing a deliberate indifference to his condition.

¶ 9 On October 8, 2020, petitioner filed a timely notice of appeal from the dismissal of his petition in sufficient compliance with Illinois Supreme Court Rule 303 (eff. July 1, 2017). Thus, this court has jurisdiction of petitioner's appeal under Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994).

¶ 10                                II. ANALYSIS

¶ 11 In this case, petitioner appeals from the circuit court's dismissal of his petition seeking an injunction. Regardless of whether the circuit court's dismissal of petitioner's petition was under section 2-615 of the Procedure Code (735 ILCS 5/2-615 (West 2018)) or section 2-619 of the Procedure Code (735 ILCS 5/2-619 (West 2018)), or a combination of both sections pursuant to section 2-619.1, this court's standard of review is the same. *Jane Doe-3 ex rel. Julie Doe-3 v. White*, 409 Ill. App. 3d 1087, 1092, 951 N.E.2d 216, 223 (2011). We review *de novo* the circuit court's dismissal. *White*, 409 Ill. App. 3d at 1092, 951 N.E.2d at 223. "In doing so, we will accept as true all well-pleaded factual allegations." *White*, 409 Ill. App. 3d at 1092, 951 N.E.2d at 223. We can affirm the circuit court's dismissal for any reason found in the record. *Akemann v. Quinn*, 2014 IL App (4th) 130867, ¶ 21, 17 N.E.3d 223.

¶ 12 "A party aggrieved by an administrative decision cannot seek judicial review unless he has first pursued all available administrative remedies." *Ford v. Walker*, 377 Ill. App.

3d 1120, 1124, 888 N.E.2d 123, 126-27 (2007). "The doctrine of exhaustion of administrative remedies applies to grievances filed by inmates." *Ford*, 377 Ill. App. 3d at 1124, 888 N.E.2d at 127. Where an inmate fails to show his grievance had administrative finality, he does not meet his burden of showing exhaustion of administrative remedies. *Ford*, 377 Ill. App. 3d at 1124, 888 N.E.2d at 127.

¶ 13        Plaintiff attached a copy of his March 2020 grievance to his petition showing he raised a grievance about his living conditions in the Lincoln Correctional Center during the COVID-19 pandemic. In his petition, he admits the administrative review board had not rendered a final decision on his grievance. On appeal, petitioner does not argue he exhausted his administrative remedies but instead contends he did not need to exhaust his remedies. He first alleges he had a reservation of rights under the Uniform Commercial Code. However, the Uniform Commercial Code governs commercial transactions (810 ILCS 5/1-103(a)(1) (West 2018)) and not prison grievances. Petitioner also argues the doctrine of exhaustion only applies to federal actions under the Prison Litigation Reform Act of 1995 (42 U.S.C. § 1997e (2018)) and not State actions. However, petitioner raised an eighth amendment argument, a federal claim. Moreover, as set forth above, the State has its own doctrine of exhaustion of remedies, which applies to grievances filed by inmates. See *Ford*, 377 Ill. App. 3d at 1124, 888 N.E.2d at 127. Thus, petitioner has failed to show the doctrine of exhaustion of remedies does not apply to his cause of action. On appeal, petitioner does not challenge the circuit court's finding he failed to exhaust his administrative remedies. Accordingly, we find the circuit court did not err by dismissing petitioner's cause of action in its entirety based on petitioner's failure to exhaust his remedies.

¶ 14                                III. CONCLUSION

¶ 15    For the reasons stated, we affirm the Logan County circuit court's judgment.

¶ 16    Affirmed.