NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 200623-U

NO. 4-20-0623

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 20, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| DANIEL GARZA, | ) | Appeal from the |
|     Petitioner-Appellant, | ) | Circuit Court of |
| v. | ) | Logan County |
| J.B. PRITZKER, in His Official Capacity as Governor of | ) | No. 20MR188 |
| the State of Illinois; ROB JEFFREYS, in His Official | ) | |
| Capacity as Director of Corrections; and EMILY | ) | |
| RUSKIN, in Her Official Capacity as the Warden of | ) | Honorable |
| Lincoln Correctional Center, | ) | Thomas W. Funk, |
|     Respondents-Appellees. | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Justices DeArmond and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court's dismissal of petitioner's petition for an injunction was proper.

¶ 2    In September 2020, petitioner, Daniel Garza, filed a *pro se* petition for an injunction against respondents, J.B. Pritzker, in his official capacity as governor of Illinois; Rob Jeffreys, in his official capacity as Director of Corrections; and Emily Ruskin, in her official capacity as the warden of the Lincoln Correctional Center. In his petition, petitioner sought an injunction to compel respondents to reduce the population of Lincoln Correctional Center by half or, in the alternative, discharge him from prison. He contended respondents acted with deliberate indifference to the health risks posed by the COVID-19 pandemic in violation of the eighth amendment (U.S. Const., amend. VIII). In September 2020, respondent Jeffreys filed what was essentially a combined motion to dismiss under section 2-619.1 of the Code of Civil

Procedure (Procedure Code) (735 ILCS 5/2-619.1 (West 2020)) and a supporting memorandum, asserting petitioner failed to state a cause of action and failed to exhaust his administrative remedies at the institutional level. In November 2020, the Logan County circuit court entered a written order dismissing with prejudice petitioner's petition.

¶ 3        Petitioner appeals *pro se*, asserting the circuit court erred by dismissing his petition because (1) he made a good-faith effort to exhaust administrative remedies, (2) the doctrine of exhaustion of remedies did not apply to his claim, and (3) he specified he was seeking relief under the eighth amendment and did not need to allege he had tested positive for the coronavirus to state a claim. We affirm.

¶ 4                                I. BACKGROUND

¶ 5        On August 19, 2020, petitioner, an inmate at the Lincoln Correctional Center, filed a grievance alleging deliberate indifference and an eighth amendment violation. Petitioner stated he recently learned 13 inmates and 12 staff members of the Lincoln Correctional Center had tested positive for the coronavirus. He further alleged respondents Ruskin and Jeffreys had approved new inmates to be bused into Lincoln Correctional Center and allowed some inmates to leave the facility to work in Springfield, Illinois, which increased the risk of bringing the coronavirus into the prison. Petitioner contended respondents Ruskin's and Jeffreys's actions put his life and the lives of other inmates in danger. He also noted he lived in a dorm situation which did not have enough space for social distancing. Petitioner asserted respondents had not responded reasonably to the risk of inmates contracting the deadly virus. Petitioner sought early release, compensation, the prohibition of new inmates allowed into Lincoln Correctional Center, and the reduction of inmates at the facility until social distancing was possible. On August 26, 2020, petitioner received a counseling summary noting his grievance was deemed

"non-emergent" and respondent could continue the grievance process by dropping his grievance into the grievance box in his housing unit. On August 27, 2020, petitioner received another counseling summary noting his grievance could not be answered at "this level" because it was against the chief administrative officer of the institution.

¶ 6 On September 8, 2020, petitioner filed his petition for a "motion for emergency/mandatory and/or preventive injunction." In his petition, petitioner noted he had filed his grievance with the Administrative Review Board on September 3, 2020, and it remained unresolved. He asserted respondents were subjecting him to cruel and unusual punishment by their deliberate indifference to the serious threat the COVID-19 pandemic posed to human life. Petitioner noted inmates were unable to socially distance in the dormitory design of the correctional center, inmates were allowed to leave the correctional center to work, the correctional center had an inadequate ventilation system, and he was deprived of a means to preserve his own life. Additionally, petitioner noted his hernia surgery had been delayed due to the pandemic. Petitioner sought an injunction to compel respondents to (1) reduce the population of Lincoln Correctional Center by half or (2) release petitioner from the correctional center. He attached several documents to the petition including his grievance and the related counseling summaries.

¶ 7 In October 2020, respondent Jeffreys filed a motion to dismiss petitioner's petition because petitioner failed to (1) exhaust the administrative remedies available to him, (2) identify a legal basis for granting his requested relief, and (3) state a claim for deliberate indifference under the eighth amendment. Petitioner filed a response to the motion, arguing he (1) filed his grievance with the administrative review board which gave notice of his claim, (2) made a timely reservation of rights under the Uniform Commercial Code (810 ILCS 5/1-101

- 3 -

*et seq.* (West 2020)), (3) was not required to exhaust his remedies under the Prison Litigation Reform Act of 1995 (42 U.S.C. § 1997e (2018)), and (4) was not required to wait for the "tragic event" to occur before obtaining relief. Respondent also contended he did sufficiently state a claim for relief.

¶ 8 On November 18, 2020, the circuit court entered a written order dismissing with prejudice petitioner's petition. It found petitioner failed to demonstrate his administrative remedies had been exhausted. The court also concluded petitioner had failed to allege sufficient facts showing a deliberate indifference to his condition because petitioner did not assert he suffered from an objectively serious medical condition.

¶ 9 On December 10, 2020, petitioner filed a timely notice of appeal from the dismissal of his petition in sufficient compliance with Illinois Supreme Court Rule 303 (eff. July 1, 2017). Thus, this court has jurisdiction of petitioner's appeal under Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994).

¶ 10                                  II. ANALYSIS

¶ 11 In this case, petitioner appeals from the circuit court's dismissal of his petition seeking an injunction. Regardless of whether the circuit court's dismissal of petitioner's petition was under section 2-615 of the Procedure Code (735 ILCS 5/2-615 (West 2020)) or section 2-619 of the Procedure Code (735 ILCS 5/2-619 (West 2020)), or a combination of both sections pursuant to section 2-619.1, this court's standard of review is the same. *Jane Doe-3 ex rel. Julie Doe-3 v. White*, 409 Ill. App. 3d 1087, 1092, 951 N.E.2d 216, 223 (2011). We review *de novo* the circuit court's dismissal. *White*, 409 Ill. App. 3d at 1092, 951 N.E.2d at 223. "In doing so, we will accept as true all well-pleaded factual allegations." *White*, 409 Ill. App. 3d at 1092, 951 N.E.2d at 223.

- 4 -

¶ 12        "A party aggrieved by an administrative decision cannot seek judicial review unless he has first pursued all available administrative remedies." *Ford v. Walker*, 377 Ill. App. 3d 1120, 1124, 888 N.E.2d 123, 126-27 (2007). "The doctrine of exhaustion of administrative remedies applies to grievances filed by inmates." *Ford*, 377 Ill. App. 3d at 1124, 888 N.E.2d at 127. Where an inmate fails to show his grievance had administrative finality, he does not meet his burden of showing exhaustion of administrative remedies. *Ford*, 377 Ill. App. 3d at 1124, 888 N.E.2d at 127.

¶ 13        Plaintiff attached a copy of his August 2020 grievance to his petition showing he raised a grievance about his living conditions in the Lincoln Correctional Center during the COVID-19 pandemic. In his petition, he noted he forwarded his grievance to the Administrative Review Board on September 3, 2020, and it remained unresolved. Under section 504.850 of Title 20 of the Illinois Administrative Code, the Administrative Review Board must submit its written report of findings and recommendations to the Director, who then must "make a final determination of the grievance within six months after receipt of the appealed grievance, when reasonably feasible under the circumstances." 20 Ill. Adm. Code 504.850(d), (e) (2017).

¶ 14        On appeal, petitioner argues he made a good-faith effort to exhaust administrative remedies and did not need to exhaust his remedies. To the extent petitioner alleges he had a reservation of rights under the Uniform Commercial Code, we note the Uniform Commercial Code governs commercial transactions (810 ILCS 5/1-103(a)(1) (West 2020)) and not prison grievances. Petitioner also asserts the doctrine of exhaustion only applies to federal actions under the Prison Litigation Reform Act of 1995 (42 U.S.C. § 1997e (2018)) and not State actions. However, petitioner raised an eighth amendment argument, a federal claim. Moreover, as set forth above, the State has its own doctrine of exhaustion of remedies, which applies to

grievances filed by inmates.  See *Ford*, 377 Ill. App. 3d at 1124, 888 N.E.2d at 127.  Thus, petitioner has failed to show the doctrine of exhaustion of remedies does not apply to his cause of action.

¶ 15        Here, petitioner alleged his grievance remained unresolved.  In fact, petitioner signed his petition for an injunction the same day he submitted his grievance to the Administrative Review Board.  We note the attached documents petitioner attached to his petition also do not show administrative finality.  As such, petitioner failed to show he exhausted his administrative remedies.  Accordingly, we find the circuit court did not err by dismissing petitioner's cause of action in entirety and with prejudice based on petitioner's failure to exhaust his administrative remedies.

¶ 16                                III. CONCLUSION

¶ 17        For the reasons stated, we affirm the Logan County circuit court's judgment.

¶ 18        Affirmed.