NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (4th) 200617-U

NO. 4-20-0617

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 1, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| TERRY BURNETT, | ) | Appeal from |
|     Plaintiff-Appellant, | ) | Circuit Court of |
|     v. | ) | Logan County |
| J.B. PRITZKER, in His Official Capacity as Governor | ) | No. 20MR187 |
| of the State of Illinois; ROB JEFFREYS, in His | ) | |
| Official Capacity as Director of Corrections; and | ) | |
| EMILY RUSKIN, in Her Official Capacity as Warden | ) | |
| of the Lincoln Correctional Center, | ) | Honorable |
|     Defendants-Appellees. | ) | Thomas W. Funk, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Justices DeArmond and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court affirmed, concluding the trial court did not err by dismissing plaintiff's cause of action where plaintiff failed to exhaust his administrative remedies.

¶ 2    In September 2020, plaintiff Terry Burnett, an inmate at the Lincoln Correctional Center (Lincoln), filed an action against defendant Rob Jeffreys, in his official capacity as the Director of the Illinois Department of Corrections (DOC). Plaintiff also named as defendants Emily Ruskin, in her official capacity as the warden at Lincoln, and J.B. Pritzker, in his official capacity as the Governor of Illinois. Plaintiff alleged defendants' response to the COVID-19 pandemic violated the eighth amendment and sought an injunction to compel defendants to reduce Lincoln's population by 50% or release him immediately. Defendant Jeffreys filed a

motion to dismiss under section 2-615 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2018)).  In November 2020, the trial court granted Jeffreys's motion to dismiss.

¶ 3        Plaintiff appeals, arguing (1) he was not required to exhaust administrative remedies prior to filing an action in the trial court because he reserved certain rights under the Uniform Commercial Code (UCC) and exhaustion is only required under the federal Prison Litigation Reform Act of 1995 (PLRA) (42 U.S.C. § 1997e(a) (2018)); and (2) he adequately pleaded an eighth amendment claim.  For the following reasons, we affirm the trial court's judgment.

¶ 4                                I. BACKGROUND

¶ 5        In September 2020, plaintiff filed an action against Jeffreys, Ruskin, and Pritzker. Plaintiff alleged defendants' response to the COVID-19 pandemic violated the eighth amendment and sought an injunction to compel defendants to reduce Lincoln's population by 50% or release him immediately.  Specifically, plaintiff alleged defendants were deliberately indifferent to the health risks posed by COVID-19 by: (1) failing to adjust Lincoln's living facilities to allow for the recommended six feet of social distancing, (2) continuing to accept new inmates, (3) allowing inmates to leave Lincoln to work in Springfield, (4) failing to address inadequate ventilation systems, and (5) depriving him of the means to "contribute to the support of the preservation of his life."  Plaintiff further alleged he submitted an emergency prison grievance on August 11, 2020, he forwarded the grievance to the Administrative Review Board (ARB) on September 3, 2020, and the grievance remained unresolved.  As relief, plaintiff sought an injunction compelling defendants to reduce Lincoln's inmate population by 50% or release him from prison immediately.

¶ 6          Plaintiff attached a copy of the prison grievance, dated August 11, 2020, and two counselor responses to the grievance to his complaint.  In the grievance, plaintiff claimed to suffer from a number of medical conditions, including sleep apnea requiring the use of a continuous positive airway pressure (C-PAP) machine, high blood pressure, morbid obesity, and a familial history of heart disease.  The first counselor's response, dated August 26, 2020, explained the grievance was deemed nonemergent and advised plaintiff he could pursue his complaint by resubmitting the grievance.  The second response, dated the following day, explained the grievance could not be "answered at this level" because it was against the warden.

¶ 7          Defendant Jeffreys filed a motion to dismiss pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2018)).  First, the motion argued plaintiff failed to exhaust administrative remedies because he filed the present action in court before the ARB responded to his grievance.  Second, the motion argued plaintiff failed to identify any legal basis for granting his request for the release of 50% of the inmates at Lincoln or himself.  Third, the motion asserted plaintiff failed to state a claim for deliberate indifference under the eighth amendment. Jeffreys noted plaintiff did not allege he contracted COVID-19 and cited DOC's website.  The website identified various actions taken to combat the COVID-19 risk to inmates and was subject to judicial notice.  Jeffreys explained the Fourth District Appellate Court recently stayed an injunction requiring DOC to immediately accept all new inmates.  The stay allowed DOC to implement a 14-day quarantine and testing of newly admitted inmates.  Finally, Jeffreys argued numerous specific measures had been taken at Lincoln to combat the risk of COVID-19, including testing, access to personal protective equipment, and increased cleaning schedules, which plaintiff himself alleged he participated in.  Jeffreys argued plaintiff failed to state a claim

for deliberate indifference because DOC's reasonable response to the pandemic precluded an inference that Jeffreys ignored a serious risk of harm to inmates from COVID-19.

¶ 8    In response, plaintiff asserted he was not required to exhaust administrative remedies because certain reservations of his rights under the UCC excused him from any exhaustion requirement including that in the PLRA (42 U.S.C. § 1997e(a) (2018)).  Plaintiff contended he was only required to give defendants notice of his claim, which he did by filing a grievance.  Plaintiff argued he stated a deliberate indifference claim by alleging defendants were aware of the risk of harm from COVID-19 but ignored the risk by preventing social distancing and otherwise putting Lincoln inmates at risk of contracting COVID-19.

¶ 9    The trial court granted Jeffreys's motion to dismiss.  The court noted that courts reviewing deliberate indifference claims examined whether (1) the plaintiff suffered from an objectively serious medical condition and (2) the defendant was deliberately indifferent to that condition.  The court concluded plaintiff failed to allege a claim of deliberate indifference because he failed to allege he contracted COVID-19.  The court declined to address the measures taken by the defendants to demonstrate concern for the conditions alleged to exist at Lincoln.

¶ 10    This appeal followed.

¶ 11                                II. ANALYSIS

¶ 12    On appeal, plaintiff argues (1) he was not required to exhaust administrative remedies prior to filing an action in the trial court because he reserved certain rights under the UCC and exhaustion is only required under the federal PLRA and (2) he adequately pleaded an eighth amendment claim.

¶ 13    A motion to dismiss pursuant to section 2-615 of the Code challenges the legal sufficiency of a claim based on defects in the pleadings.  735 ILCS 5/2-615 (West 2018).  A

motion to dismiss under section 2-619 does not dispute the legal sufficiency of a claim but instead raises an affirmative defense or another matter that defeats the claim. 735 ILCS 5/2-619(a)(9) (West 2018). Although a section 2-619 motion to dismiss usually raises grounds not appearing on the face of the complaint, both motions may attack defects on the face of a pleading, so there may be a degree of overlap. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 485-86, 639 N.E.2d 1282, 1290 (1994). "If the affirmative defense already is apparent on the face of the complaint, the defendant need not plead the affirmative defense as an affirmative defense but instead may challenge the legal sufficiency of the complaint, pursuant to section 2-615 of the [Code]." *Fillmore v. Walker*, 2013 IL App (4th) 120533, ¶ 28, 991 N.E.2d 340.

¶ 14        Here, Jeffreys asserts he properly moved to dismiss plaintiff's complaint under section 2-615 because plaintiff pleaded himself out of court by alleging facts that established an affirmative defense to his claim. Specifically, Jeffreys asserts plaintiff's complaint alleged he failed to exhaust his administrative remedies where the complaint alleged he had filed a grievance and the ARB had not rendered a final decision on his grievance. Alternatively, Jeffreys asserts plaintiff was not prejudiced by Jeffreys's failure to move to dismiss pursuant to section 2-619 of the Code.

¶ 15        Regardless of whether the trial court's dismissal of plaintiff's complaint was under section 2-615 or section 2-619, this court's standard of review is the same. *Jane Doe-3 ex rel. Julie Doe-3 v. White*, 409 Ill. App. 3d 1087, 1092, 951 N.E.2d 216, 223 (2011). This court reviews the dismissal of an action under either section 2-615 or 2-619 *de novo*. *Lutkauskas v. Ricker*, 2015 IL 117090, ¶ 29, 28 N.E.3d 727. All well-pleaded facts and reasonable inferences therefrom are taken as true and viewed in the light most favorable to the nonmoving party. *Hadley v. Doe*, 2015 IL 118000, ¶ 29, 34 N.E.3d 549. We may affirm the trial court's

judgment on any ground supported by the record and law. *State ex rel. Pusateri v. Peoples Gas Light & Coke Co.*, 2014 IL 116844, ¶ 8, 21 N.E.3d 437.

¶ 16 A party aggrieved by an administrative decision may only seek judicial review if he has first pursued all available administrative remedies. *Ford v. Walker*, 377 Ill. App. 3d 1120, 1124, 888 N.E.2d 123, 126-27 (2007). "The doctrine of exhaustion of administrative remedies applies to grievances filed by inmates." *Id.* at 1124. When an inmate fails to show a grievance had administrative finality, he fails to meet his burden of showing exhaustion of administrative remedies. *Id.*

¶ 17 Plaintiff attached a copy of his August 2020 grievance to his complaint, showing he raised a grievance about the living conditions at Lincoln during the COVID-19 pandemic. In his complaint, plaintiff admits the ARB had not rendered a final decision on his grievance. On appeal, plaintiff does not argue he has exhausted his administrative remedies; instead, he asserts he did not need to exhaust his remedies. Plaintiff first alleges he had a reservation of rights under the UCC. However, the UCC governs commercial transactions and not prison grievances (see 810 ILCS 5/1-103(a)(1) (West 2018)). Plaintiff also argues the doctrine of exhaustion only applies to federal actions under the PLRA (42 U.S.C. § 1997e(a) (2018)) and not actions filed in Illinois courts. However, plaintiff raised an eighth amendment argument—a federal claim. Moreover, Illinois has its own doctrine of exhaustion of remedies applicable to grievances filed by inmates. *Ford*, 377 Ill. App. 3d at 1124. Accordingly, we conclude plaintiff has failed to show the doctrine of exhaustion of administrative remedies does not apply to his cause of action.

¶ 18 Here, the trial court dismissed plaintiff's complaint based on his failure to state a claim under the eighth amendment. However, we may affirm on any basis supported by the record and the law. *State ex rel. Pusateri*, 2014 IL 116844, ¶ 8. As discussed above, plaintiff admits in

his complaint the ARB had not rendered a decision on his grievance. Accordingly, we find the trial court did not err in dismissing plaintiff's cause of action where plaintiff failed to exhaust his administrative remedies.

¶ 19                                III. CONCLUSION

¶ 20            For the reasons stated, we affirm the trial court's judgment.

¶ 21            Affirmed.